UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI PAZ-ZAMORA; GILMA ZULETA DE PAZ,<br><br>    Petitioners,<br><br>  vs.<br><br>GREGORY ARCHAMBEAULT, Field Office Director, Dept. of Homeland Security, Immigration and Custom Enforcement,<br><br>    Respondent. | Case No. 18cv2187 GPC KSC<br>Alien Number: A215 814 594 (Zuleta)<br><br><br>EXHIBITS |

| | |
|---|---|
| 8/28/18 Records of Deportable/Inadmissible Alien (Forms I-213) | 1-11 |
| Property log | 12 |
| 8/28/18 Record of Sworn Statement | 13-22 |
| 8/28/18 Immigration Detainer | 23 |
| 8/29/18 Complaint in *United States v. Zuleta*, No. 18mj21231 (S.D. Cal.) | 24-25 |
| 8/29/18 Abstract of Order in *United States v. Zuleta* | 26 |
| 8/28/18 Charging documents in expedited removal proceedings | 27-28 |
| 9/15/18 Notice of appearance by attorney Bakeman | 29 |
| 9/28/18 Motion for bond in removal proceedings | 30-35 |
| 9/21/18 Travel document issued by Guatemalan government | 36 |
| 10/3/18 Credible Fear Interview Notes | 37-43 |
| Credible fear determination checklist and worksheet | 44-48 |
| Credible fear written analysis | 49-52 |
| 10/16/18 Referral to Immigration Judge | 53-56 |
| 10/19/18 Immigration Judge affirmance | 57 |

U.S. Department of Homeland Security       Subject ID: ▐█████▌                    **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| ZULETA-DE PAZ, GILMA MARLENI | | | | F | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| GUATEMALA | | CASE No: ▐███▌ A215 814 594 | 61 | 125 | LABORER |

| U.S. Address | Scars and Marks |
|---|---|
| IN DHS CUSTODY | NONE VISIBLE |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I. Number | ☐ Single ☐ Divorced ☒ Married ☐ Widower ☐ Separated |
|---|---|---|---|
| 08/28/2018, 0600, 5 mile(s) W of OTM, PWA (AFOOT) | | ▐████▌ | |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| A.V COLONIA SANTA MARIA  FRAY BARTOLOME DE LAS C, ALTA VERAPAZ, GUATEMALA | PB |

| Date of Birth | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|
| ▐████▌ Age:37 | 08/28/2018 | SDC/CHU | Otay Mesa, CA | 08/28/2018 0610 |

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| COBAN, ALTA VERAPAZ, GUATEMALA | | | RUBEN DURAN |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | TRAVEL/SEEKING |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | None Known |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| See Narrative | 3, GUATEMALA |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | See Narrative |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks See Narrative | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | I7A1 |

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FINS #: ▐████▌          I77 #: ▐████▌

Left Index Print          Right Index Print

ARREST COORDINATES:
----------------------
Latitude:   32.54275
Longitude: -117.02725

CONSEQUENCE DELIVERY SYSTEM:
---------------------------------
Classification: FIRA

TIERNEY FROELICH
BORDER PATROL AGENT

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents)  (Report of Interview) |
|---|---|
| TO FILE SDC CHU | Officer: TIERNEY FROELICH<br>on: August 28, 2018 at 1335       (time)<br>Disposition: Expedited Removal (I-860)<br>Examining Officer: LUIS RIVERA4 |

Form I-213 (Rev. 08/01/07) Y

U.S. Department of Homeland Security

Continuation Page for Form _____ I213

| Alien's Name<br>ZULETA-DE PAZ, GILMA MARLENI | File Number<br>A215 814 594<br>Event No: ███████ | Date<br>08/28/2018 |
|---|---|---|

Program:        STR_PROS


SPOUSE NAME AND ADDRESS:
-------------------------------
Nationality:GUATEMALA ███████ ██
ALTA VERAPAZ, GUATEMALA

FATHER NAME AND ADDRESS:
-------------------------------
Nationality:GUATEMALA ████████ ███
████████████
████████████  ALTA VERAPAZ, GUATEMALA

MOTHER NAME AND ADDRESS:
-------------------------------
Nationality:GUATEMALA █████████████
████████████
████████████ALTA VERAPAZ, GUATEMALA

FUNDS IN POSSESSION:
----------------------
Mexican Peso .00
United States Dollar .00

RECORDS CHECKED:
------------------
CIS Negative
EARM Negative
IAFIS Negative
NCIC Negative
TECS Negative

NARRATIVE:
-----------
On August 28, 2018, ZULETA-De Paz, Gilma Marleni, was encountered by Border Patrol Agent Ruben Duran, and taken into custody. ZULETA was transported to the Chula Vista Border Patrol Station for further processing.

Border Patrol Agent Duran's statement is documented in the attached G-166C.

At the station, as a routine step in processing, ZULETA's biographical and biometric information was entered into the processing systems. These systems, along with record checks revealed no immigration or criminal history. ZULETA was assigned the following numbers:

| Signature<br>        TIERNEY FROELICH | Title<br>        BORDER PATROL AGENT |
|---|---|

_____2__ of __4____ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

002

**U.S. Department of Homeland Security**

**Continuation Page for Form** _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| ZULETA-DE PAZ, GILMA MARLENI | A215 814 594 | 08/28/2018 |
| | Event No: ▓▓▓▓▓ | |

```
A#: 215 814 594
FBI#: ▓▓▓▓▓
FIN#: ▓▓▓▓▓
```

ZULETA has no wants or warrants.

SYNOPSIS of DEFENDANT'S POST-MIRANDA STATEMENT:

Name: Gilma Marleni ZULETA-DE PAZ
Location: Chula Vista Border Patrol Station.
Date/Time: August 28, 2018, 8:53 a.m.
Taken By:  Border Patrol Agent Daniel Navarro
Witnessed By: Border Patrol Agent Robinson Ramirez
Summary By: Border Patrol Agent Robinson Ramirez.

At the above date and location, ZULETA provided Border Patrol Agent Daniel Navarro, witnessed by Border Patrol Agent Robinson Ramirez, a videotaped post-Miranda statement in the Spanish language, which in summary depicts the following:

At approximately 8:54 a.m., ZULETA was advised of her Consulate communication rights in the Spanish language.  ZULETA stated that she understood her rights and did wish to exercise them.  ZULETA will be given an opportunity to exercise her Consulate communication rights at a later time.  ZULETA was given the opportunity to speak with a consular representative officer of Guatemala via telephone by Border Patrol Agent Arturo Albarran on August 28, 2018, at approximately 2:10 p.m..

At approximately 8:56 a.m., ZULETA was read her Miranda rights in the Spanish language. ZULETA stated she understood her Miranda rights and was not willing to answer questions without an attorney present.

The interview concluded at 8:56 a.m. on August 28, 2018.

DISPOSITION:

ZULETA was served with Department of Homeland Security forms I-296, I-860, I-867A, and I-867B.

ZULETA is being held pending prosecution under Title 8, United States Code, Section 1325, Entry of Alien at Improper Time or Place Misrep/Concealment Of Facts.

| Signature | Title |
|---|---|
| TIERNEY FROELICH | BORDER PATROL AGENT |

3 of 4 Pages

003

**U.S. Department of Homeland Security**
Customs and Border Protection

**Continuation Page for Form: I213**

| Alien's Name | File Number | Date |
|---|---|---|
| ZULETA- DE PAZ, GILMA MARIELA | A215 814 594<br>Event No: ▉▉▉▉▉▉ | 08/28/2018 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*ADDENDUM\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Created By: Border Patrol Agent Tierney Froelich

Created On: August 30, 2018 at the Brown Field Border Patrol Station at approximately 6:10 P.M.

ZULETA- De Paz, Gilma Marleni was being criminally prosecuted for violation of 8 USC 1325. ZULETA was released from USMS custody, on bond, and turned over to the custody of the Department of Homeland Security (DHS) and does not have a conviction for 1325.

ZULETA does not claim fear or persecution if she is returned to her home country of Guatemala.

ZULETA will be processed for Expedited Removal and subsequently removed to Guatemala.

| Signature<br>Tierney Froelich  FOR | Title<br>Border Patrol Agent |
|---|---|

5 of 5 Pages

Form I-831 Continuation Page (Rev. 6/12/92)

**004**

**U.S. Department of Homeland Security**
Customs and Border Protection

**Continuation Page for Form: I213**

| Alien's Name | File Number | Date |
|---|---|---|
| | A215 814 594 | |
| ZULETA- DE PAZ, GILMA MARIELA | Event No: ███████ | 09/05/2018 |

**********************************ADDENDUM*****************************

Created By: Border Patrol Agent Pedro Rivas

Created On: September 5, 2018 at the Brown Field Border Patrol Station.

On August 29, 2018, ZULETA attended her court hearing and was given a future date.

ZULETA is being held in DHS custody pending disposition of her criminal case and administrative proceedings.

| Signature | Title |
|---|---|
| PEDRO RIVAS | Border Patrol Agent |

5 of 5 Pages

Form I-831 Continuation Page (Rev. 6/12/92)

**005**

| U.S. Department of Homeland Security | Subject ID: ▮▮▮▮ | | **Record of Deportable/Inadmissible Alien** |
|---|---|---|---|

| Family Name (CAPS) | First | Middle | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|
| ZULETA-DE PAZ, GILMA MARLENI | | | F | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| GUATEMALA | | CASE No: A215 814 594 | 61 | 125 | LABORER |

| U.S. Address | Scars and Marks |
|---|---|
| IN DHS CUSTODY | NONE VISIBLE |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I. Number | ☐ Single  ☐ Divorced ☒ Married  ☐ Widower ☐ Separated |
|---|---|---|---|
| 08/28/2018, 0600, 5 mile(s) W of OTM, PWA (AFOOT) | | ▮▮▮▮ | |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| A.V COLONIA SANTA MARIA  FRAY BARTOLOME DE LAS C, ALTA VERAPAZ, GUATEMALA | PB |

| Date of Birth | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|
| ▮▮▮▮  Age:37 | 08/28/2018 | SDC/CHU | Otay Mesa, CA | 08/28/2018 0610 |

| City, Province (State) and Country of Birth | AR ☒  Form: (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|
| COBAN, ALTA VERAPAZ, GUATEMALA | | RUBEN DURAN |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | TRAVEL/SEEKING |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | None Known |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| See Narrative | 3, GUATEMALA |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | See Narrative |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks See Narrative | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | I7A1 |

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FINS #:1260176299          I77 #:7949011

Left Index Print          Right Index Print

ARREST COORDINATES:
--------------------
Latitude:   32.54275
Longitude: -117.02725

CONSEQUENCE DELIVERY SYSTEM:
----------------------------
Classification: FIRA

| Alien has been advised of communication privileges | 8/27/18 AA (Date/Initials) | ARTURO ALBARRAN BORDER PATROL AGENT (Signature and Title of Immigration Officer) |
|---|---|---|

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| TO FILE SDC CHU | Officer: ARTURO ALBARRAN  on: August 28, 2018 at 1335 (time)  Disposition: Expedited Removal (I-860)  Examining Officer: LUIS RIVERA4 |

Form I-213 (Rev. 08/01/07) Y

**006**

U.S. Department of Homeland Security

**Continuation Page for Form** _____I213_____

| Alien's Name<br>ZULETA-DE PAZ, GILMA MARLENI | File Number<br>A215 814 594<br>Event No:CHU1808000342 | Date<br>08/28/2018 |
|---|---|---|

Program:        STR_PROS

SPOUSE NAME AND ADDRESS:
--------------------------
Nationality:GUATEMALA  ▇▇▇▇▇  ▇▇
ALTA VERAPAZ, GUATEMALA

FATHER NAME AND ADDRESS:
--------------------------
Nationality:GUATEMALA  ▇▇▇▇▇▇▇  ▇▇▇
▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇ALTA VERAPAZ, GUATEMALA

MOTHER NAME AND ADDRESS:
--------------------------
Nationality:GUATEMALA  ▇▇▇▇▇▇▇  ▇▇
▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇ALTA VERAPAZ, GUATEMALA

FUNDS IN POSSESSION:
---------------------
Mexican Peso .00
United States Dollar .00

RECORDS CHECKED:
-----------------
CIS Negative
EARM Negative
IAFIS Negative
NCIC Negative
TECS Negative

NARRATIVE:
-----------
On August 28, 2018, ZULETA-De Paz, Gilma Marleni, was encountered by Border Patrol Agent Ruben Duran, and taken into custody. ZULETA was transported to the Chula Vista Border Patrol Station for further processing.

Border Patrol Agent Duran's statement is documented in the attached G-166C.

At the station, as a routine step in processing, ZULETA's biographical and biometric information was entered into the processing systems. These systems, along with record checks revealed no immigration or criminal history. ZULETA was assigned the following numbers:

| Signature<br>ARTURO ALBARRAN | Title<br>BORDER PATROL AGENT |
|---|---|

___2___ of ___3___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

007

**U.S. Department of Homeland Security**                    **Continuation Page for Form**    I213

| Alien's Name<br>ZULETA-DE PAZ, GILMA MARLENI | File Number<br>A215 814 594<br>Event No: ▇▇▇▇▇ | Date<br>08/28/2018 |

A#: 215 814 594
FBI#: ▇▇▇▇▇
FIN#: ▇▇▇▇▇

ZULETA has no wants or warrants.

SYNOPSIS of DEFENDANT'S POST-MIRANDA STATEMENT:

Name: Gilma Marleni ZULETA-DE PAZ
Location: Chula Vista Border Patrol Station.
Date/Time: August 28, 2018, 8:53 a.m.
Taken By:  Border Patrol Agent Daniel Navarro
Witnessed By: Border Patrol Agent Robinson Ramirez
Summary By: Border Patrol Agent Robinson Ramirez.

At the above date and location, ZULETA provided Border Patrol Agent Daniel Navarro, witnessed by Border Patrol Agent Robinson Ramirez, a videotaped post-Miranda statement in the Spanish language, which in summary depicts the following:

At approximately 8:54 a.m., ZULETA was advised of her Consulate communication rights in the Spanish language.  ZULETA stated that she understood her rights and did wish to exercise them.  ZULETA will be given an opportunity to exercise her Consulate communication rights at a later time.  ZULETA was given the opportunity to speak with a consular representative officer of Guatemala via telephone by Border Patrol Agent Arturo Albarran on August 28, 2018, at approximately 2:10 p.m..

At approximately 8:56 a.m., ZULETA was read her Miranda rights in the Spanish language. ZULETA stated she understood her Miranda rights and was not willing to answer questions without an attorney present.

The interview concluded at 8:56 a.m. on August 28, 2018.

DISPOSITION:

ZULETA was served with Department of Homeland Security forms I-296, I-860, I-867A, and I-867B.

ZULETA is being held pending prosecution under Title 8, United States Code, Section 1325, Entry of Alien at Improper Time or Place Misrep/Concealment Of Facts.

| Signature<br>ARTURO ALBARRAN | Title<br>BORDER PATROL AGENT |

3  of  3  Pages

Form I-831 Continuation Page (Rev. 08/01/07)

**008**

U.S. Department of Homeland Security      **MEMORANDUM OF INVESTIGATION**

| File Number | Title: | Control Office |
|---|---|---|
| A215 814 594 | ZULETA-DE PAZ, GILMA MARLENI | SDC/CHU |

Memorandum of Investigation
------------------------------

FINS #:

On August 28, 2018, I, Border Patrol Agent Ruben Duran was performing my linewatch duties in full rough duty Border Patrol uniform and was assigned to an area just east of the San Ysidro Port of Entry in the Chula Vista Station's Area of Operations. At approximately 6:00 a.m., Customs officers at the San Ysidro Port of Entry relayed over the Department of Homeland Security (DHS) radio that they had observed four individuals trying to make an illegal entry into the United States through an area commonly known to agents as "Echo-1". This area is just east of the southbound pedestrian walkway at San Ysidro Port of Entry and is commonly used by smugglers and illegal aliens to further their illegal entry north into the United States without being detected. I responded to the area and observed four individuals trying to conceal themselves by hunching down where the secondary fence meets the southbound pedestrian walkway. As I approached them, all four subjects started to run south towards Mexico. I was able to apprehend two females approximately 12 yards north of the United States/Mexico International boundary fence and approximately five miles east of the Otay Mesa/California Port of Entry. The other two males were able to abscond them back to Mexico. I approached the individuals and identified myself as a United States Border Patrol Agent and questioned them as to their citizenship and nationality, Both individuals later identified DE PAZ-ZAMORA, Heidi Mariela and ZULETA-DE PAZ, Gilma Marleni responded "Guatemala". Both individuals admitted to not possessing any immigration documents that would allowed them to enter or remain in the United States legally. At approximately 6:10 a.m., I Border Patrol Agent Ruben Duran placed both individuals under arrest and arranged to have them transported to the Chula Vista Border Patrol Station for further processing.

I, Agent RUBEN N. DURAN, have placed my initials next to the photo of the subject that I have arrested. My initials indicate that the photograph depicts the individual that I encountered and apprehended on today's date, August 28, 2018.

| Investigator | | Date |
|---|---|---|
| BORDER PATROL AGENT | RUBEN N. DURAN | August 28, 2018 |

Form G-166C (08/01/07)            Page 1 of 1

**009**

U.S. Department of Homeland Security     **MEMORANDUM OF INVESTIGATION**

| File Number | Title: | Control Office |
|---|---|---|
| 215 814 594 | ZULETA-DE PAZ, GILMA MARLENY | SDC/CHU |

Memorandum of Investigation
--------------------------------

On 08/28/2018 I, Border Patrol Agent Ruben Duran was assigned patrol duties east of the San Ysidro Port of Entry in the Chula Vista Area of Operations. At approximately 6:00 am Customs officers at the San Ysidro Port of Entry relayed over the service radio that they had observed four individuals trying to make an illegal entry into the United States through an area commonly known to agents as Echo-1. This area is just east of the southbound pedestrian walkway at San Ysidro Port of Entry and is commonly used by smugglers to get individuals north into the United States without being detected. I responded to the area and observed four individuals trying to conceal themselves. As I approached them all four subjects started to run south towards Mexico. At approximately 6:10 am I was able to apprehend two females and the other two males were able to abscond back to Mexico. The two females admitted to not possessing any immigration documents that would allowed them to be or stay in the United States legally. The two females were arrested and transported to the Chula Vista Border Patrol Station for further processing. The two subjects were identified as DEPAZ-ZAMORA Heidi Mariela and ZULETA-DEPAZ Jimer Marleni.

| Investigator | | Date |
|---|---|---|
| Border Patrol Agent | ,RUBEN DURAN | August 28, 2018 |

Form G-166C (08/01/07)             Page 1 of 1

**010**

**U.S. Department of Homeland Security**                    **Continuation Page for Form** _____ I217 _____

| Alien's Name<br>GILMA MARLENI ZULETA-DE PAZ | File Number<br>215 814 594<br>Event No: ▓▓▓▓ | Date<br>08/28/2018 |
|---|---|---|

20. RELATIVES ABROAD INFORMATION (continued...)
--------------------------------------------------

▓▓ ▓▓▓▓▓       SPOUSE;    , ALTA VERAPAZ GUATEMALA
▓▓▓▓▓▓▓▓       FATHER; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ALTA VERAPAZ
GUATEMALA
▓▓▓▓▓▓▓▓ ; MOTHER; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ALTA
VERAPAZ GUATEMALA

| Signature | Title<br>Border Patrol Agent |
|---|---|

_____2_____ of _____2_____ Pages

Form I-831 Continuation Page (Rev. 08/01/07)



**Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act**

U.S. Department of Homeland Security

Office: CHULA VISTA, CA, BORDER PATROL STATION

File No: _____

Event No: ▮▮▮▮▮▮▮

Statement by: GILMA MARLENI ZULETA-DE PAZ

In the case of: GILMA MARLENI ZULETA-DE PAZ

Date of Birth: ▮▮▮▮▮▮▮

Gender (select one):    Male    Female

At: CHULA VISTA, CA, BORDER PATROL STATION    Date: August 28, 2018

Before: DANIEL NAVARRO    BORDER PATROL AGENT

(Name and Title)

In the SPANISH    language. Interpreter DANIEL NAVARRO    Employed by UNITED STATES BORDER PATROL

I am an officer of the United States Department of Homeland Security. I am authorized to administer the immigration laws and to take sworn statements. I want to take your sworn statement regarding your application for admission to the United States. Before I take your statement, I also want to explain your rights, and the purpose and consequences of this interview.

You do not appear to be admissible or to have the required legal papers authorizing your admission to the United States. This may result in your being denied admission and immediately returned to your home country without a hearing. If a decision is made to refuse your admission into the United States, you may be immediately removed from this country, and if so, you may be barred from reentry for a period of 5 years or longer.

This may be your only opportunity to present information to me and the Department of Homeland Security to make a decision. It is very important that you tell me the truth. If you lie or give misinformation, you may be subject to criminal or civil penalties, or barred from receiving immigration benefits or relief now or in the future.

Except as I will explain to you, you are not entitled to a hearing or review.

U.S. law provides protection to certain persons who face persecution, harm or torture upon return to their home country. If you fear or have a concern about being removed from the United States or about being sent home, you should tell me so during this interview because you may not have another chance. You will have the opportunity to speak privately and confidentially to another officer about your fear or concern. That officer will determine if you should remain in the United States and not be removed because of that fear.

Until a decision is reached in your case, you will remain in the custody of the Department of Homeland Security.

Any statement you make may be used against you in this or any subsequent administrative proceeding.

At approximately 8:56 a.m., ZULETA DE PAZ was read her Miranda rights in the Spanish language. ZULETA DE PAZ stated she understood her Miranda rights and was ✗ ☉M2df not willing to answer questions without an attorney present.

I-867A (08/01/07)

**013**

**Jurat for Record of Sworn Statement in
Proceedings under Section 235(b)(1) of the Act**

U.S. Department of Homeland Security

---

Q: Why did you leave your home country or country of last residence?

A. NOT WILLING TO ANSWER

Q. Do you have any fear or concern about being returned to your home country or being removed from the United States?

A. NOT WILLING TO ANSWER

Q. Would you be harmed if you are returned to your home country or country of last residence?

A. NOT WILLING TO ANSWER

Q. Do you have any question or is there anything else you would like to add?

A. NOT WILLING TO ANSWER

I have read (or have had read to me) this statement, consisting of ___1___ pages (including this page). I state that my answers are true and correct to the best of my knowledge and that this statement is a full, true and correct record of my interrogation on the date indicated by the above named officer of the Department of Homeland Security. I have initialed each page of this statement (and the corrections noted on page(s)_____).

Signature: GILMA MARLENI ZULETA-DE PAZ

Sworn and subscribed to before me at CHULA VISTA, CA, BORDER PATROL STATION
on August 28, 2018 .

DANIEL NAVARRO
BORDER PATROL AGENT
Signature of Immigration Officer

Witnessed by: BORDER PATROL AGENT ROBINSON RAMIREZ

Page _1_ of _1_

I-867B (08/01/07)

014

## 1325 Video Statement (Expedited Removal)

<u>TURN ON VIDEO CAMERA, IN ENGLISH, STATE</u>:

The following is a statement under oath before Border Patrol Agent _Daniel Noward_ witnessed by Border Patrol Agent _Robinson Ramirez_, at the Chula Vista Border Patrol Station, in San Ysidro, California. The statement is being given by Defendant _Ilma Marleni Zuleta De Paz_, in the case of "United States vs _Gilma Merleniz Zuleta de pac._" Today's date is _Aug 28, 2019_ and the time is _8:53 a.m_ Both agents are in (full uniform/~~plain clothes~~) with no weapons visible.

<u>STATE TO THE DEFENDANT</u>:

(1) **Señor, los siguientes avisos de derechos y sus declaraciones estan siendo grabadas en audio y video. Entiende? A.** _yes_

*The following advisal of rights and any statements are being recorded by audio and videotape. Do you understand? A._____*

(2) **Esta usted bajo la influencia de drogas o alcohol en este momento? A.** _NO_

*Establish competence (ie. Alcoholic beverage/narcotics usage, physical/mental health, language) to understand Miranda advisal. A._____*

1

015

**(3) Consulate Rights:**

Como  no es ciudadano de los Estados Unidos, al ser arrestado o detenido tiene el derecho de pedirnos que notifiquemos a los representantes consulares de su país aquí en los Estados Unidos, si lo desea.

Entre otras cosas, un representante consular de su país puede ayudarle a obtener asesoramiento legal, o ponerse en contacto con su familia. Si usted desea que notifiquemos a los representantes consulares de su país, puede solicitarlo ahora o en cualquier oportunidad en el futuro.

¿Entiende este derecho? A. _Yes_

¿Desea hablar con un representante consular de su país? A. __Yes__ .

*(Si usted desea hablar, usted tendrá la oportunidad después de esta entrevista.)*

**CONSULATE RIGHTS/TIME:** _8.54 a.m._

*Since you are not a citizen of the United States, once you are arrested or detained you have the right to ask us to notify a consular representatives from your country here in the United States, if you wish. Among other things, a consular official from your country can help you regarding legal matters, contact your family or visit you in jail. If you decide that we contact your consular officials from your country, you can ask now or at any time in the future. After you have contacted the consular officials, they will be able to call you or visit you.*

*Do you understand this right? A._____*

*Do you wish to speak with a consular representative from your country? A. _____*

*(If you decide to call, you will have the opportunity after this interview.)*

*CONSULATE RIGHTS/TIME: _____*

**(4) Cualquier cosa que usted a dicho antes de esta entrevista no va a ser usada en su contra en un juzgado de leyes, o en cualquier procedimiento administrativo o de inmigración.**

*Everything you have said before this interview will not be used against you in court, or in any immigration administrative proceeding.*

**016**

**BEGIN ASKING QUESTIONS HERE:**  (*Write down subjects responses as you go.*)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Do you understand what I've said to you?
*Entiende usted lo que he dicho?*

Do you have any questions?
*Tiene algunas preguntas?*

Are you willing to answer my questions at this time?
*Esta dispuesto de contestar mis preguntas ahorita?*

Do you swear or affirm that all statements you are about to make are true and complete?
*Jura usted de que toda la declaraciones que me dira sera verdadera y completa?*

What is your complete and correct name?
*Cual es su nombre completo y correcto?*

Have you ever used any other names?
*Ha usado otros nombres antes?*

When and where (City/State/Country) were you born?
*Cuando y en donde nacio?*

Of what country are you a citizen?
*De que paiz es ciudadano?*

Of what country are your parents citizens?
*De que paiz son sus padres ciudadanos?*

Where do your parents reside?
*Donde viven sus padres?*

5

**017**

Do you have any document issued by a legal authority that permits you to enter, live or work in the United States?
*Tiene algun documento de inmigracion que fue dado por una autoridad legal que le permitiria entrar, vivir o trabajar en los Estados Unidos?*

Have you ever applied for any immigration status?
*Ha solicitado por documentos de inmigracion alguna vez?*

Do you have any family residing in the United States?
*Tiene usted familia que vive en los Estados Unidos?*

For what purpose did you enter the United States illegally?
*Por cual proposito entro a los Estados Unidos ilegalmente?*

Do you have any immigration petitions pending on your behalf?
*Tiene alguna peticion de inmigracion pendiente?*

When and where did you last enter the United States?
*Cuando y por donde entro a los Estados Unidos la ultima vez?*

Were you inspected by an Immigration Officer at the port of entry?
*Fue inspeccionado por un oficial de inmigracion en la garita de entrada?*

Where were you going today?
*Adonde iba usted hoy?*

How many times have you been apprehended by the United States Border Patrol?
*Cuantas veces ha sido usted arrestado por la Patrulla Fronteriza de Los Estados Unidos?*

What happened after the United States Border Patrol apprehended you?
*Que paso despues de que la Patrulla Fronterisa de los Estados Unidos lo arresto?*

Have you ever been arrested by the police in the United States or in any other country?
*Ha sido arrestado por la policia en los Estados Unidos o en cualquier paiz alguna vez?*

6

**018**

Have you ever been arrested, detained, deported or excluded by the United States immigration Officers?
*Ha sido arrestado, detenido, deportado o expulsado de por un oficial de inmigracion de los Estados Unidos?*

Have you ever been presented before an Immigration Judge?
*Ha visto a un juez de inmigracion alguna vez?*

Were you advised of your consulate rights?
*Le aconsejaron de sus derechos del consulado?*

Are you going to talk to consulate officer?
*Va hablar usted con un official del consulado?*

### I-867B Questions

Why did you leave your home country of last residence?
*¿Por que saliste de su pais de origen o pais de ultima residencia?*

Do you have any fear of persecution or torture should you be removed from the United States?
*¿Tiene miedo de persecución o tortura si usted es removido de los Estados Unidos?*

Would you be harmed if you are returned to your home country or country of last residence?
*¿Seria perjudicado si lo duelven a su país de origen o país de ultima residencia?*

Do you have any questions or is there anything else you would like to add?
*¿Tiene alguna pregunta o hay algo mas que quiera agregar?*

**Final questions** as to threats, coercion, and (that no promises were given to subject). And that all statements were given voluntarily.

Were all the statements given by you today voluntary?
*¿Todas las declaraciones que a hecho hoy han sido voluntariamente?*

7

**019**

Were you threatened, coerced or promised something when you made this declaration?
*¿Fue amenazado, forzado, o prometido alguna cosa cuando dio su declaración ahora?*

**When the interview is complete, state in English:**

**This concludes the sworn statement.   The date is** _Aug 28, 2018_ **and the time is now** _8:57 a.m._

8

**020**

*(5) READ MIRANDA RIGHT FROM FOLLOWING PAGE (S).*

# I-214 (Spanish)

Antes de que le hagamos cualquier pregunta, usted debe de comprender sus derechos:

- Usted tiene el derecho de guardar silencio.
- Cualquier cosa que usted diga puede ser usada en su contra en un juzgado de leyes, o en cualquier procedimiento administrativo o de inmigración.
- Usted tiene el derecho de hablar con un abogado para que él lo aconseje antes de que le hagamos alguna pregunta, y de tenerlo presente con usted durante las preguntas.
- Si usted no tiene el dinero para emplear a un abogado, se le puede proporcionar uno antes de que le hagamos alguna pregunta, si usted lo desea.
- Si usted decide contestar nuestras preguntas ahora, sin tener a un abogado presente, siempre tendrá usted el derecho de dejar de contestar cuando guste. Usted también tiene el derecho de dejar de contestar cuando guste, hasta que puede hablar con un abogado.

Do you understand each of these rights as I have read them to you?
**Entiende usted a cada uno de sus derechos como se los he leido?** (SI)/ NO GM2dq Iniciales

Are you willing to answer my questions without an attorney being present?
**Esta usted dispuesto a contestar mis preguntas sin tener a un abogado presente? SI (NO) GM2dq Iniciales**

Gilma Marlem Zuleta de paz
_____
Nombre

Aug 28, 2018    8:56 a.m.
_____
Date /Time

_____
Firma

Bpa Daniel Navarro
_____
Agent

V149

3

**021**

# I-214 (English)

Before we ask you any questions, you must understand your rights:

- You have the right to remain silent.
- Anything you can say can be used against you in court, or in any immigration or administrative proceeding.
- You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.
- If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.
- If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time.
- You also have the right to stop answering at any time until you talk to a lawyer.

**Do you understand each of these rights as I have read them to you? YES/NO** _____ **Iniciales**
Entiende usted a cada uno de sus derechos como se los he leido?

**Are you willing to answer my questions without an attorney being present? YES/NO** _____ **Iniciales**
Esta usted dispuesto a contestar mis preguntas sin tener a un abogado presente?

_____
Name/Nombre                                     Signature/Firma

_____
Date /Time                                          Agent

4

DEPARTMENT OF HOMELAND SECURITY
## IMMIGRATION DETAINER - NOTICE OF ACTION

| | |
|---|---|
| Subject ID: ▐▐▐▐ | File No: A215 814 594 |
| Event #: ▐▐▐▐ | Date: August 28, 2018 |

| | |
|---|---|
| TO: (Name and Title of Institution - OR Any Subsequent Law Enforcement Agency)<br><br>SAN DIEGO MCC<br>WARDEN | FROM: (Department of Homeland Security Office Address)<br>CHIEF PATROL AGENT<br>BORDER PATROL SECTOR HEADQUARTERS<br>San Diego, CA 921439022 |

Name of Alien: ZULETA-DE PAZ, GILMA MARLENI

Date of Birth: ▐▐▐▐    Citizenship: GUATEMALA    Sex: F

**1. DHS HAS DETERMINED THAT PROBABLE CAUSE EXISTS THAT THE SUBJECT IS A REMOVABLE ALIEN. THIS DETERMINATION IS BASED ON (complete box 1 or 2).**

☐ A final order of removal against the alien;

☐ The pendency of ongoing removal proceedings against the alien;

☐ Biometric confirmation of the alien's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the alien either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ Statements made by the alien to an immigration officer and/or other reliable evidence that affirmatively indicate the alien either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**2. DHS TRANSFERRED THE ALIEN TO YOUR CUSTODY FOR A PROCEEDING OR INVESTIGATION (complete box 1 or 2).**

☒ Upon completion of the proceeding or investigation for which the alien was transferred to your custody, DHS intends to resume custody of the alien to complete processing and/or make an admissibility determination.

IT IS THEREFORE REQUESTED THAT YOU:

- **Notify DHS** as early as practicable (at least 48 hours, if possible) before the alien is released from your custody. Please notify DHS by calling ☒ U.S. Immigration and Customs Enforcement (ICE) or ☐ U.S. Customs and Border Protection (CBP) at (619) 557-6955. If you cannot reach an official at the number(s) provided, please contact the Law Enforcement Support Center at: (802) 872-6020.
- **Maintain custody** of the alien for a period **NOT TO EXCEED 48 HOURS** beyond the time when he/she would otherwise have been released from your custody to allow DHS to assume custody. The alien **must be served with a copy of this form** for the detainer to take effect. This detainer arises from DHS authorities and should not impact decisions about the alien's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignments, or other matters
- Relay this detainer to any other law enforcement agency to which you transfer custody of the alien.
- Notify this office in the event of the alien's death, hospitalization or transfer to another institution.

☐ If checked: please cancel the detainer related to this alien previously submitted to you on _____ (date).

| | |
|---|---|
| BORDER PATROL AGENT ARTURO ALBARRAN | _[signature]_ |
| (Name and title of Immigration Officer) | (Signature of Immigration Officer) (Sign in ink) |

Notice: If the alien may be the victim of a crime or you want the alien to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

**TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE ALIEN WHO IS THE SUBJECT OF THIS NOTICE:**

Please provide the information below, sign, and return to DHS by mailing, emailing or faxing a copy to _____.

Local Booking/Inmate #: _____    Estimated release date/time: _____

Date of latest criminal charge/conviction: _____    Last offense charged/conviction: _____

This form was served upon the alien on _____, in the following manner:

☐ in person    ☐ by inmate mail delivery    ☐ other (please specify): _____

| | |
|---|---|
| _____ | _____ |
| (Name and title of Officer) | (Signature of Officer) (Sign in ink) |

DHS Form I-247A (3/17)    Page 1 of 3

**023**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Magistrate Docket No. 18mj21231 |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF: |
| ) | Title 8, USC 1325 Illegal Entry |
| ) | (misdemeanor) |
| ) | |
| ) | |
| Gilma Marleni ZULETA-De Paz, ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

The undersigned complainant being, duly sworn, states:

That on or about August 28, 2018, within the Southern District of California, defendant, Gilma Marleni ZULETA-De Paz, an alien, did knowingly elude examination and inspection by Immigration Officers, a misdemeanor; in violation of Title 8, United States Code, Section 1325 (a)(2).

And the complainant further states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Edward R. Bugarin
Border Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE,

THIS  29th DAY OF August, 2018.

ROBERT N. BLOCK
United States Magistrate Judge

**024**

**CONTINUATION OF COMPLAINT:**
Gilma Marleni ZULETA-De Paz

## PROBABLE CAUSE STATEMENT

On August 28, 2018, Border Patrol Agent R. Duran was performing assigned duties in the Chula Vista Border Patrol Station's area of operations. At approximately 6:00 AM, Customs officers at the San Ysidro Port of Entry relayed over the service radio that they observed four individuals trying to make an illegal entry into the United States through an area commonly known to agents as Echo-1. Agent Duran responded to the area and observed four individuals trying to conceal themselves. All four subjects ran south towards Mexico, Agent Duran apprehended two females and the other two males absconded back to Mexico. This area is just east of the southbound pedestrian walkway at San Ysidro Port of Entry. Agent Duran conducted an immigration inspection. The two females, including one later identified as the defendant Gilma Marleni ZULETA-De Paz, admitted to not possessing any immigration documents that would allowed them to be or stay in the United States legally. At approximately 6:10 AM, the two females, including ZULETA, were placed under arrest. During administrative processing, Gilma Marleni ZULETA-De Paz stated that he entered the United States on August 28, 2018.

025

6195575214        USMS                                      USMS                    05:41.  ρ.m.    08-29-2018        1/2

GEO

1325

RELEASED TO ICE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA        )        CASE NUMBER 18 mj 21231-WVG

                        )        **ABSTRACT OF ORDER**

vs                        )

                        )        Booking No. 78404298

Gilma Marleni Zuleta-        )
DePaz                )

TO THE UNITED STATES MARSHAL AND / OR WARDEN, METROPOLITAN CORRECTIONAL CENTER:

Be advised that under date of _____ 8/29/18

the Court entered the following order:

X___ Defendant be released from custody.

_____ Defendant placed on supervised / unsupervised probation / supervised release.

_____ Defendant continued on supervised / unsupervised probation / supervised release.

X___ Defendant released on $ _____ 500.00 _____ bond posted.

_____ Defendant appeared in Court. FINGERPRINT & RELEASE.

_____ Defendant remanded and ( _____ bond) ( _____ bond on appeal) exonerated.

_____ Defendant sentenced to TIME SERVED, supervised release for _____ years.

_____ Bench Warrant Recalled.

_____ Defendant forfeited collateral.

_____ Case dismissed.

_____ Case dismissed, charges pending in case no. _____

_____ Defendant to be released to Pretrial Services for electronic monitoring.

_____ Other. _____

Robert N. Block
UNITED STATES DISTRICT/MAGISTRATE JUDGE

Received _____                OR

DUSM                        JOHN MORRILL            Clerk
                        by
                            Deputy Clerk
                        Roi-Ann Boressi    XU4LS

Crim-9    (Rev. 8-11)                            * U.S. GPO: 1996-783-398/40151

026

U.S. Department of Homeland Security

# Notice and Order of Expedited Removal

## DETERMINATION OF INADMISSIBILITY   Event No: ▌▌▌▌▌

File No: A215 814 594

Date: August 28, 2018

In the Matter of: GILMA MARLENI ZULETA-DE PAZ

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Department of Homeland Security has determined that you are inadmissible to the United States under section(s) 212(a) ☐ (6)(C)(i); ☐ (6)(C)(ii); ☒ (7)(A)(i)(I); ☐ (7)(A)(i)(II); ☐ (7)(B)(i)(I); and/or ☐ (7)(B)(i)(II) of the Act, as amended, and therefore are subject to removal, in that:

1. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act. You are not a citizen or national of the United States, you are a native of Guatemala and a citizen of Guatemala, and on August 28, 2018, you illegally entered the United States near Otay Mesa, California, and you were not inspected by an Immigration Officer.

AMADEO CASTILLO

Border Patrol Agent
Name and title of immigration officer (Print)

Signature of immigration officer

## ORDER OF REMOVAL
## UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

AMADEO CASTILLO

Border Patrol Agent
Name and title of immigration officer (Print)

Signature of immigration officer

(A) WATCH COMMANDER   Bradley Blincer
Name and title of supervisor (Print)

Signature of supervisor, if available

☐ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

### CERTIFICATE OF SERVICE

I personally served the original of this notice upon the above-named person on ___9/1/18___
(Date)

Signature of immigration officer

Form I-860 (Rev. 08/01/07)

**027**

U.S. DEPARTMENT OF HOMELAND SECURITY

# NOTICE TO ALIEN ORDERED REMOVED/DEPARTURE VERIFICATION

A-File No: 215 814 594

Date: 08/28/2018

Alien's name: GILMA MARLENI ZULETA-DE PAZ

You have been found to be inadmissible to the United States under the provisions of section 212(a) of the Immigration and Nationality Act (Act) or deportable under the provisions of section 237 of the Act as a Visa Waiver Pilot Program violator. In accordance with the provisions of section 212(a)(9) of the Act, you are prohibited from entering, attempting to enter, or being in the United States

☒ For a period of 5 years from the date of your departure from the United States as a consequence of your having been found inadmissible as an arriving alien in proceedings under section 235(b)(1) or 240 of the Act.

☐ For a period of 10 years from the date of your departure from the United States as a consequence of your having been ordered removed in proceedings under any section of the Act other than section 235(b)(1) or 240, or of being ordered excluded under section 236 of the Act in proceedings commenced prior to April 1, 1997.

☐ For a period of 20 years from the date of your departure from the United States as a consequence of being found inadmissible and being previously excluded, deported, or removed from the United States.

☐ At any time because in addition to being found inadmissible, you have been convicted of a crime designated as an aggravated felony.

After your removal has been effected, you must request and obtain permission from the Secretary of Homeland Security to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or U.S. Department of Homeland Security office. Refer to the above file number when requesting forms or information.

WARNING FOR ALL REMOVED ALIENS: It is a crime under Title 8 United States Code, Section 1326, for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Secretary of Homeland Security's express consent. Depending on the circumstances of the removal, conviction for this crime can result in imprisonment of a period of from 2 to 20 years and/or a fine up to $250,000.

SPECIAL NOTICE TO SEX OFFENDERS: Federal Law requires a convicted sex offender, including an alien who has been removed from or otherwise departed the United States and subsequently returns, to register in each jurisdiction in the United States in which he or she resides, is employed, or is a student. Violation of this requirement can result in prosecution and imprisonment for up to 10 years under Title 18 United States Code, Section 2250.

| AMADEO CASTILLO | Border Patrol Agent | SAN DIEGO, CALIFORNIA |
|---|---|---|
| (Signature of officer serving warning) | (Title of officer) | (Location of DHS Office) |

## Verification of Removal

(Complete this section for file copy only)

| Departure Date | Port of Departure | | Manner of Departure |
|---|---|---|---|
| Signature of Verifying Officer | | Title of Officer | |



Photograph of Alien



Right Index Finger

(Signature of alien whose fingerprint and photograph appear above)

(Signature of official taking fingerprint)

DHS Form I-296 (1/12)

Page 1 of 1

**028**

**U.S. Department of Justice**
Executive Office for Immigration Review
*Immigration Court*

OMB#1125-0006

**Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court**

| (Type or Print) **NAME AND ADDRESS OF REPRESENTED PARTY** | **ALIEN ("A") NUMBER** (Provide A-number of the party represented in this case.) |
|---|---|

GILMA   M.   ZULETA DE PAZ
(First)   (Middle Initial)   (Last)

A-NUMBER: 215 814 594

(Number and Street) ▮▮▮▮ (Apt. No.)

**Entry of appearance for** (please check one of the following):

SAN DIEGO     CA     92154
(City)   (State)   (Zip Code)

☐ All proceedings
☒ Custody and bond proceedings only
☐ All proceedings other than custody and bond proceedings

**Attorney or Representative (please check one of the following):**

☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest court(s) of the following states(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia (use additional space on reverse side if necessary) and I am not subject to any order disbarring, suspending, enjoining, restraining or otherwise restricting me in the practice of law in any jurisdiction (if subject to such an order, do not check this box and explain on reverse).

**Full Name of Court** _____  **Bar Number (if applicable)** _____

☐ I am a representative accredited to appear before the Executive Office for Immigration Review as defined in 8 C.F.R. § 1292.1(a)(4) with the following recognized organization:

☐ I am a law student or law graduate of an accredited U.S. law school as defined in 8 C.F.R. § 1292.1(a)(2).
☐ I am a reputable individual as defined in 8 C.F.R. § 1292.1(a)(3).
☐ I am an accredited foreign government official, as defined in 8 C.F.R. § 1291.1(a)(5), from _____ (country).
☐ I am a person who was authorized to practice on December 23, 1952, under 8 C.F.R. § 1292.1(b).

**Attorney or Representative (please check one of the following):**

☒ I hereby enter my appearance as attorney or representative for, and at the request of, the party named above.
☐ EOIR has ordered the provision of a Qualified Representative for the party named above and I appear in that capacity.

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representations before the Immigration Court. By signing this form, I consent to publication of my name and any findings of misconduct by EOIR, should I become subject to any public discipline by EOIR pursuant to the rules and procedures at 8 C.F.R. 1003.101 *et seq.* I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**SIGNATURE OF ATTORNEY OR REPRESENTATIVE**        **EOIR ID NUMBER**        **DATE**

X _(signature)_        UU 804189        9/15/18

**NAME OF ATTORNEY OR REPRESENTATIVE, ADDRESS, FAX & PHONE NUMBERS, & EMAIL ADDRESS**

Name: WILLARD                                            BAKEMAN
(First)        (Middle Initial)        (Last)

Address: 515  S. EUKLID  ST
(Number and Street)

ANAHEIM        CA        92802
(City)   (State)   (Zip Code)

Telephone: 760 583 0570   Facsimile: _____   Email: _____

☐ Check here if new address

Form EOIR - 28
Rev. Dec. 2015

**029**

Willard Bakeman
Attorney at Law
EOIR No. UU 804189
515 S. Euclid Street
Anaheim, CA 92802
1(760)583-0570

**DETAINED**

Attorney for Respondent

## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

## OFFICE OF THE IMMIGRATION JUDGE

Otay Mesa, CA

| | |
|---|---|
| In the Matter of | ) |
| | ) A 215 814 594 |
| **GILMA MARLENI ZULETA DE PAZ** | ) |
| | ) |
| | ) |
| **In Removal Proceedings** | ) |
| | ) |
| | ) |

## MOTION FOR BOND

**Immigration Judge: TBA**          **Bond Hearing: TBA**

Respondent is a native and citizen of Guatemala, born July 8, 1981, now 37 years.

She entered without inspection and was apprehended on August 27, 2018. She is held at Otaay Mesa Detention Center. No bond has been set in her case. She has a valid claim for asylum, withholding and Convention Against Torture. She suffered severe abuse and rape from her husband and the law and law enforcement system in Guatemala will not protect her. She is entitled to protection from rape, including spousal rape, by international law as a human right. The status of abused women in Guatemala as an

SCANNED
SEP 28 2018   SND

Rec'd in Bond
guy grande 27 SEP 2018

**030**

identifiable social group and subject of asylum relief is a matter currently on appeal and so the respondent is justified in presenting this claim.

She has relatives in the United States who will sponsor her, financially support her, and insure her immigration court appearances.

The respondent is not a danger or a flight risk. We ask a bond of $3,000.

Dated: Sept. 15, 2018        Signed:_____

Willard Bakeman, attorney for respondent,
**GILMA MARLENI ZULETA DE PAZ**

**031**

certify under penalty of perjury that I was born on ██/██/████

This affidavit is executed on behalf of the following person:

Name: <u>Gilma Marleny Zuleta De Paz</u>    DOB: ████████    Marital Status: <u>Single</u>
Citizen of: <u> Guatemala</u>
Relationship to Sponsor: <u> Cousin</u>
Current Address: ████████████████████
City: <u>Riverside</u>          State: <u>CA</u>
Country: <u>USA</u>

I am willing and able to provide financial support for the person on whose behalf this affidavit is executed. I will be responsible to take my sister Gilma Marleny Zuleta De Paz to all upcoming court appointments I might have with the state. This affidavit is made by me for the purpose of assuring the United State Government that the person named above will not become a public charge in California.

**Oath or Affirmation of Sponsor:**
I certified under penalty of perjury under California law that I know the contents of this affidavit by me and the statement are true and correct.

████████████████

**State of California}**

**County of Riverside}**

On September 15, 2018 before me, Alma D. Pineda (Notary Public), personally appeared ████████ ████████, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Alma D Pineda, notary public*

**Notary Signature**



**ALMA D. PINEDA**
Commission No.2108345
NOTARY PUBLIC-CALIFORNIA
RIVERSIDE COUNTY
My Comm. Expires APRIL 24 2019



**033**

## PROOF OF SERVICE

**GILMA MARLENI ZULETA DE PAZ**

**A 215 814 594**

I, Willard Bakeman, declare as follows:

I am a resident of the County of San Diego and over eighteen years of age. My business address is 515 S. Euclid Street, Anaheim, CA 92802

On Sept. 15, 2018, I deposited enclosed document, Entitled

MOTION FOR BOND, ORDER FOR BOND

in the United States mail at Oceanside, California, postage pre-paid, addressed to:

Department of Homeland Security
Office of the Chief Counsel
PO Box 439020
San Diego CA 92143

This Certificate of Service is executed at Oceanside, CA 92056.

Dated: 9/15/8  Signed: _____

**034**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN DIEGO, CA

FILE: A215-814-594

IN THE MATTER OF:

ZULETA DE PAZ, GILMA MARLENI

RESPONDENT

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE
WITH RESPECT TO CUSTODY

Request having been made for a change in the custody status of
respondent pursuant to 8 CFR 236.1(c), and full consideration
having been given to the representations of the Department of
Homeland Security and the respondent, it is hereby

_____ ORDERED that the request for a change in custody status be
denied.

_____ ORDERED that the request be granted and that respondent be:

_____ released from custody on his own recognizance

_____ released from custody under bond of $_____

_____ respondent must also file a change of address and a
motion to change venue.

_____ OTHER   N: ____

Copy of this decision has been served on the respondent and the
Department of Homeland Security.

APPEAL: waived -- reserved

OTAY MESA -- OTAY MESA DETENTION CENTER

Date: Sep 27, 2018

_____
SCOTT SIMPSON
Immigration Judge

XS



SCANNED
SEP 28 2013   SND

035



**Consulado General de Guatemala**
Los Angeles · CA

## PASE ESPECIAL DE VIAJE
## TEMPORARY TRAVEL PASS

**VALIDA POR 60 DIAS**
**VALID FOR 60 DAYS**



| Expedida: / Issued On: | 21 sep 2018 |
|---|---|
| Numero: / Number: | ▮ |
| Numero INS: | 215814594 |



Apellidos / Last Name:
ZULETA DE PAZ
Nombres / Name:
GILMA MARLENY
También Conocido Como / Alias:
GILMA MARLENI ZULETA-DE PAZ

Fecha de Nacimiento / Date of Birth    Lugar de Nacimiento / Place of Birth

Departamento            Municipio

▮            ALTA VERAPAZ            COBAN

Estatura / Height    Color del Cabello / HairColor    Color de Ojos / Eye Color:
1.55            NEGRO            CAFE
Señas Particulares / Physical Remarks:

None Visible



| Documentos de Identificación: | | | |
|---|---|---|---|
| Pasaporte: | | | Fecha |
| Cédula de Vecindad: | O-16 | ▮ | |
| Extendida en: | | | |
| Partida de Nacimiento: | Libro 171 | Folio 72 | Acta 2167 |
| Extendida en: | COBAN | ALTA VERAPAZ | 08 jul 1981 |
| Otro: | | | |

Firma del Portador / Holder's Signature:

X _____

EL PRESENTE DOCUMENTO SE EXTIENDE
UNICAMENTE PARA INGRESAR A TERRITORIO
NACIONAL GUATEMALTECO POR UNA SOLA VEZ Y
SE EMITE A SOLICITUD DE LAS AUTORIDADES
MIGRATORIAS DE LOS ESTADOS UNIDOS

Centro de Detención:
CORR.CORP.OF AMERICA - SA

Observaciones / Remarks:            Firma del Funcionario Consular:

_____
Evelin Garcia

Vice Consul

## -- TRÁMITE GRATUITO --

**036**

Name: Gilma Marleni ZULETA-DE PAZ
A#: 215814594
Location of Applicant: Otay Mesa (telephonic)

Interview Date: 10/3/2018
Country: Guatemala
Asylum Officer: E. Trivette, ZAR505

## UNITED STATES DEPARTMENT OF HOMELAND SECURITY
## CITIZENSHIP AND IMMIGRATION SERVICES
### CREDIBLE FEAR INTERVIEW NOTES

*Note: Credible fear interviews are used to screen for possible asylum eligibility and not to develop every element of an applicant's protection claim. This Q&A is not intended to be a complete transcript of the Credible Fear interview or a complete accounting of the applicant's asylum claim.*

| Interpreter Information [Forms needed: I-870 and M-444] | | | | |
|---|---|---|---|---|
| Language: | Provider | Id Code | Start Time: | End Time: |
| Spanish | Transperfect | 14677 | 3:28 PM | 5:15 PM |

### INTERPRETER'S OATH (ADMINISTERED TO EACH INTERPRETER LISTED ABOVE)

Q. Do you affirm you will truthfully, literally and fully interpret the questions asked by the asylum officer and the answers given by the applicant, you will not add to, delete from, comment on, or otherwise change the matter to be interpreted, and you will immediately notify the officer in this case if you become aware of your inability to interpret in a neutral manner on account of a bias for or against the applicant or the applicant's race, religion, nationality, membership in a particular social group, or political opinion? A. Yes
Q. Do you affirm that you will keep the information you learn today confidential and will not share it with anyone? A. Yes
[Interpreter Sworn In]

### GREETING/INTRODUCTION/OATH

| Asylum Officer: | Applicant: |
|---|---|
| Hello sir/ma'am. My name is Officer Trivette, and I will be conducting your credible fear interview. Before we continue with your interview, I need to place you under oath. Please stand and raise your right hand. Do you affirm the testimony you will provide will be the truth, the whole truth, and nothing but the truth? | Yes [Applicant Sworn In] |
| Thank you. You may lower your hand and be seated. We're speaking today because you have expressed a fear of returning to your home country: do you still have that fear? | Yes |
| Thank you. We'll speak more about your fear in a few minutes, but first I have basic orientation and administrative questions for you: what is your native language? | Spanish |
| Do you speak or comprehend any other languages? | No |
| Now, please tell me your full name. | Gilma Marleni ZULETA-DE PAZ |
| Have you ever used or been known by any other names or aliases? | No |
| What is your correct date of birth? | ▇▇▇▇ |
| Have you ever used any other dates of birth? | No |
| Are you able to understand this interpreter, so far? | Yes |
| Okay, if at any point you have trouble with the interpretation or the telephone line, please bring that to my attention. | Okay. |

### ORIENTATION/RIGHT TO ATTORNEY

| Asylum Officer: | Applicant: |
|---|---|
| Our records indicate that on 9/21/2018, you were given a form describing the Credible Fear Interview Process (Form M-444). Do you remember that? | Yes |
| Did you understand the information contained in that form? | Yes |
| Do you have any questions about the information contained in that form? | No |
| And do you have an attorney or consultant you'd like me to call today so she can be on the line with you during your interview? | Yes, I have an attorney. |
| What is your attorney's name and number? | Willard Bakeman, something like that. 760-583-0570 |
| Would you like me to call him or her now? | Yes. |

*Attorney: Yes, now is a good time for me.*

Willard Bakeman, 760-583-0570, 515 S Euclid St, Anaheim, CA 92802 [no G-28 on file]

*Q: Counsel, please acknowledge for the record that you understand that you are not permitted to record this interview.* [acknowledged]

037

Name: Gilma Marleni ZULETA-DE PAZ
A#: 215814594
Location of Applicant: Otay Mesa (telephonic)

Interview Date: 10/3/2018
Country: Guatemala
Asylum Officer: E. Trivette, ZAR505

Q: *Applicant, your attorney is now on the line listening to your interview. At the end of the interview, s/he will have a chance to speak regarding your case.*

## I-870 INFORMATION

The interpreter will now read a paragraph of information reminding you of the purpose of this interview.
["Interpreter, please read Section 1.28 from Form I-870"]

*The purpose of this interview is to determine whether you may be eligible for asylum or protection from removal to a country where you fear persecution or torture. I am going to ask you questions about why you fear returning to your country or any other country you may be removed to. It is very important that you tell the truth during the interview and that you respond to all of my questions. This may be your only opportunity to give such information. Please feel comfortable telling me why you fear harm. U.S. law has strict rules to prevent the disclosure of what you tell me today about the reasons why you fear harm. The information you tell me about the reasons for your fear will not be disclosed to your government, except in exceptional circumstances. The statements you make today may be used in deciding your claim and in any future immigration proceedings. It is important that we understand each other. If at any time I make a statement that you do not understand, please stop me and tell me you do not understand so that I may explain it to you. If at any time you tell me something I do not understand, I will ask you to explain.*

| OFFICER: | APPLICANT: |
|---|---|
| How are you feeling today? | Sad and worried about my children. |
| Do you have any medical or health conditions that will affect your ability to answer questions today? | No. No problem. |
| Have you taken any medications in the last 48 hours? | ▉ |
| What is that for? | It is for ▉ |
| Are you comfortable and willing to answer my questions at this time? | Yes |
| How are you being treated in the detention center? | Very good. |
| I see here that you were born in Guatemala and are a citizen of Guatemala, is that correct? | Yes |
| Have you ever been a resident or citizen of any country other than Guatemala? | No |
| What's the address of the last place where you lived in Guatemala? | ▉ Alta Verapaz, Guatemala |
| What is your religion, if you have one? | Christian |
| What is your race or ethnic group? | White |
| Do you have any children anywhere in the world? | Yes, I have four children; citizens of Guatemala and currently located in Guatemala: ▉, 19 years old ▉ ▉, 17 years old ▉ ▉, 14 years old, ▉ ▉, 8 years old ▉ |
| And what is your marital status: by that, I mean: are you married, single, separated, divorced, widowed, or living with a partner? | Married: ▉ Citizen of Guatemala. Currently located in Guatemala |
| Who would you live with (in the US) if you were released from the detention center? | With a female cousin: ▉ ▉ in Los Angeles, CA. ▉ - Legally here. |
| When was the first time that you entered the United States? | I don't know the date. I only know that it was last month. |
| Were you detained on the same day you entered the US? | Yes |
| Where did you enter the US? | OTM |
| How many years of education have you had? | 6th of primary school |
| What kind of work have you done? | I've worked in restaurants, and a popsicle shop |
| Have you ever served in the military or on a police force? | No |
| When did you leave Guatemala? | In July |
| Was either of your parents ever a US citizen? | Never |
| Have either one of your parents ever received any immigration benefits or status from the US? | No |

038

Name: Gilma Marleni ZULETA-DE PAZ
A#: 215814594
Location of Applicant: Otay Mesa (telephonic)

Interview Date: 10/3/2018
Country: Guatemala
Asylum Officer: E. Trivette, ZAR505

### SUBSTANCE OF CLAIM FOR PROTECTION/PAST HARM/CONVENTION AGAINST TORTURE

We are now going to talk about why you are afraid to return to your home country. Please speak clearly and loudly and use short phrases. You must pause frequently to allow the interpreter time to tell me what you're saying. If you say too much at one time, the interpreter is allowed to and encouraged to stop you. Please also know that there is certain information I need to be sure we cover during this interview, so I may redirect you at times to ensure we cover the required information. At the end of the interview, I will give you a chance to add anything additional you think is important or to ask me any questions you may have.

| OFFICER: | APPLICANT: |
|---|---|
| Why are afraid to return to Guatemala? | Because I don't want to live with my husband anymore. |
| Okay, ma'am, go ahead and tell me about that. | What? |
| Please speak freely and tell me more. | Okay. (silence) |
| Okay, ma'am... why don't you want to live with him anymore? | Because him, he wanted to be with me for us to have sex whenever he wanted it and I don't want to live like that. |
| Were you living in the same house with your husband in Guatemala? | No. No. He left because it was too much and I just couldn't tolerate it. He wanted to have sex with me wherever and my kids were there. So I had to ask him to leave, but he calls me and he follows me. |
| How long did you live with your husband? | For 17 years. |
| When did you ask him to leave? | Last year. |
| Do you remember when last year? | It was like in October. |
| Where did he move to? | He went to Coban but he lives in Santa Cruz. |
| What do you mean? | It's because it's nearby. |
| How far was he then from where you were living? | 6 hours by car. |
| Have things been better since he left? | No. No, they haven't been better because I have to work for my kids. |
| But have they been better in terms of your interactions with your husband? | Yes, much better. My kids would notice everything and they would ask me why I didn't leave him. |
| How frequently does he call you? | He always writes to me like, let's say on Facebook (crying)...and he would call me every week or like every 4 days to tell me to go back together with him but I don't want to go back with him. |
| And you said he follows you: what do you mean by that? | That he would always, let's say, like come back and go to my house to know if I had forgiven him but: No. |
| How often did he come to your house? | At times every two months. (crying) |
| Did anyone other than your husband ever harm you in Guatemala? | No. And he wouldn't harm me by hitting me but every time that I wanted to leave him, he would tell me that he was going to kill himself. (crying) |
| Did anyone other than your husband ever threaten or attempt to harm you in Guatemala? | What happened in Guatemala was that my brother was killed. I always wanted to know who had killed him and I would always ask about him, because in my country the laws don't do anything. |
| When was your brother killed? | 12 years ago. |
| Do you know who killed him or why? | No, no... I don't know. I just know they killed him and like I said, the authorities in my country don't do anything. |
| How do you know that the authorities in your country don't do anything? | Because they just recovered evidence and they never told us why or what happened. |
| Did you tell the police about the fact that your husband was forcing you to have sex with him? | No. I never went because I was afraid of him since one time I saw that he wanted to put like a piece of iron into his mouth and he was vomiting. |
| I want to make sure I understand you well: you were afraid of your husband because you saw him harm himself? | Yes. I was afraid because his family would tell me that if he killed himself or something happened to him, I would be imprisoned. And that's why I wouldn't separate. |
| Has his family threatened you, harmed you, or tried to harm you since you separated? | No |
| You indicated that the police investigated your brother's murder, is that correct? | They say that they do it, but they never gave us a response. |
| Has anyone ever threatened you in relation | One time they called me on the phone and told me that if I kept |

**039**

Name: Gilma Marleni ZULETA-DE PAZ
A#: 215814594
Location of Applicant: Otay Mesa (telephonic)

Interview Date: 10/3/2018
Country: Guatemala
Asylum Officer: E. Trivette, ZAR505

| | |
|---|---|
| to your brother? | asking about my brother that the same thing was going to happen to me. I didn't know who it was that called, but I just broke that chip and I didn't continue using that phone anymore. |
| When was it that that happened? | That was like four months ago. |
| Had you ever received any calls like that in the past? | No |
| When you say you were asking about your brother, who were you asking? And what? | I asked a lady who had lived around where he'd been killed if she had seen something. |
| Did you ask anyone else? | No. I tried to investigate because the young guy who was with my brother was not killed. He was shot at once but he was not killed. |
| Did you talk to that man? | No. I didn't want to go to his house or look for anyone because I was afraid. |
| Did police talk to that man? | The truth is, I don't know. |
| Did you follow up with the police to ask where they were with their investigation? | No, I didn't ask anything because they just tell one that they're going to recover evidence and they never told us anything after that. |
| How do you know they didn't do the job they were supposed to do if you didn't follow up with them? | Because if one goes to the police, they just tell you "wait, wait" and they never give you a response. |
| Have you ever been to the police and had them tell you "Wait wait"? | Yes |
| What was that in reference to? | One time I went because the guy that lived with my sister hurt me. He pushed me and hurt my back. I went to go file a report on him, but they wouldn't call me up. They would just tell me "Wait, wait." Because something that always happens: the police arrive after something has already happened. |
| You said you went to file a report: did you go back or call to find out if they were pursuing the investigation? | No, I never called anymore because in Guatemala, if someone has the resources to investigate something like that, it can be done. If not, then it can't and the authorities just tell you "We're going to pick up the body," and they hand it over to you, and that's it. |
| When was it that you went to file the report because the guy had pushed you? | It was about two years ago. |
| Have you told police that your husband is still calling you, messaging you, and coming to see you? | No |
| Why not? | Because I preferred coming here. |
| What do you think would've happened if you had told the police? | That if I had told the police, it could be that he would want to get my children and they would take them from me and I'm afraid of that. |
| What do you believe will happen to you if you return to Guatemala? | That he could continue bothering me. |
| Could you relocate and live safely in another part of Guatemala? | No |
| Why couldn't you live safely in another part of Guatemala? | Because in any place, he is going to be able to find me. |
| How? | Because Guatemala is very small and everybody knows each other and he would be able to find me because he would be in the country he is allowed to be in. |
| In Guatemala, were you ever mistreated, threatened, or harmed by public officials like police officers or other persons associated with the government? | No |
| If you returned to Guatemala, do you fear you would be harmed by the government or police? | No |
| How often did your husband force you to have sex with him when you didn't want to? | Daily |
| And did he harm you in any other way that you haven't yet told me about? | ...Mm, no, but it's not that he would hit me but he would want to have sex and whenever he wanted it, I would have to do it or he |

**040**

Name: Gilma Marleni ZULETA-DE PAZ
A#: 215814594
Location of Applicant: Otay Mesa (telephonic)

Interview Date: 10/3/2018
Country: Guatemala
Asylum Officer: E. Trivette, ZAR505

| | |
|---|---|
| | would tell me I was with a lover. I could be working and then when I got home I would have to have sex with him because if not it would mean that I had been with a lover or any man on the street. |
| What did you think would happen if you refused to have sex with him? | Maybe he would have hit me because one time when I didn't want to do it, he pushed me and threw me on the floor from the bed. |
| Does your husband have any connection with the police in Guatemala, ma'am? | No. |
| Is there anything that caused you to leave Guatemala now as opposed to at any point in the past? | Could you repeat? |
| Is there anything that caused you to leave Guatemala now as opposed to in the past year when he was bothering you or in the past 17 years when he would rape you? | I didn't because, getting away from him, I knew I would be safe here in the U.S. and I knew I would be able to work here for my kids in order to provide for them to progress forward because he didn't like for my kids to do well. |
| Ma'am, you don't have to know for sure, but do you have any idea who might've killed your brother? | No, I don't know. |
| And do you have any idea who might've called you and threatened you 4 months ago? | No, that neither. I don't know who it was from or who it was. |
| Do you think your husband would ever do anything more than bother you and annoy you in the future? | Something else to hurt me if he sees me living over there and remaking my life, I think so. |
| What do you mean, ma'am? | If I were to get together or live my life with someone. |
| Has he ever made any threats to you in that regard? | He told me that if he sees me with someone, "knows what he will do." [interpreter double checks the phrase in quotes with applicant to ensure she is heard it correctly] |
| What does that mean, ma'am? | That he could do something to me if he sees me. |
| Was he threatening to kill you, ma'am? | Kill me? No. But killing himself, yes, he has done it. |
| You mean that he has threatened to kill himself? | What? |
| Did you mean to say that your husband has threatened to kill himself if he sees you with someone else? | Yes. |

## REQUIRED QUESTIONS

| AO | Applicant: |
|---|---|
| In Guatemala, were you ever threatened or harmed or do you fear being threatened or harmed because of your Christian religion? | No |
| In Guatemala, were you ever threatened or harmed or do you fear being threatened or harmed because of your race or ethnicity, which you identified as white? | No |
| In Guatemala, were you ever threatened or harmed or do you fear being threatened or harmed because of your Guatemalan nationality? | No |
| In Guatemala, were you ever threatened or harmed or do you fear being threatened or harmed because of any political beliefs or opinions you may hold? | I don't understand. |
| In Guatemala, were you ever threatened or harmed because of things you believed or because of your expression of your opinions or beliefs? | No |
| In Guatemala, do you fear being threatened or harmed because of any political beliefs or opinions you may hold? | No |
| Is there any characteristic about you that makes you different, or causes you to be treated differently, than the other people in Guatemala? | I think I'm different because my parents taught me respect and to go to church and to treat others well. |
| Were you a member of any groups or organizations in Guatemala? | I don't understand. |
| Some people might name religious groups, community associations, professional organization, or clubs they're members of? | Oh, when I lived with my husband still in Santa Cruz, I was a member of a women's |

**041**

Name: Gilma Marleni ZULETA-DE PAZ
A#: 215814594
Location of Applicant: Otay Mesa (telephonic)

Interview Date: 10/3/2018
Country: Guatemala
Asylum Officer: E. Trivette, ZAR505

| | committee. |
|---|---|
| When was the last time you were involved in the women's committee? | It has been about 5 years ago. |
| Did you face any harm in Guatemala because you were a member of that organization? | No, we only worked with women so we could receive resources for different courses. |
| And if you were to return to Guatemala, do you think you would be threatened or harmed in relation to that group or because of any similar work you might do in the future? | No |
| Has anyone in your family ever been threatened or harmed in Guatemala other than your brother? | No |
| In Guatemala, were you ever mistreated, threatened, or harmed by any member of your family or household other than your husband who you've told me about? | No... the threats only when I was a child, my grandfather wanted to rape me. |
| Did he succeed with that? | No, because he hugged me and was putting my hand on his parts but I took off running. (crying) |

| AO | Applicant : |
|---|---|
| I am required to ask the following questions to all applicants. | |
| Have you ever harmed, hurt, injured, or helped someone harm another person? | No |
| Have you ever committed a crime in any country? | No |
| Have you been arrested, convicted, or sentenced for a crime anywhere in the world, even if you did not commit it? | No |
| Have you ever been associated with a person or group that uses violence or engages in illegal activities? | No |
| Have you ever provided any type of support – like food, housing, money, weapons, or transportation – to a terrorist group or a person or group that uses violence? | No |
| Have you ever been a terrorist or participated in any terrorist-related activities? | No |

Q: [To Counsel] Counsel, would you like to make any closing remarks?

A: [Counsel] No, nothing to add... just clarify: did he threaten to kill himself, her, or both when she threatened to leave him?

Applicant: To kill himself.

## SUMMARY OF TESTIMONY

You testified that you are afraid to return to Guatemala because your husband, with whom you lived for 17 years, forced you to have sex with him daily. You told him to leave in approximately October 2017, and since that time he has messaged you or called you at least once a week and come to see you about every other month to ask you to get back together with him. You believe if you return to Guatemala, your husband will continue to harass you and he may kill himself if you start a life with someone else. You believe the government of Guatemala cannot protect you and that there is nowhere in Guatemala where you could live in safety.

## CONCLUSION

| AO: | Applicant: |
|---|---|
| Is that summary accurate? | Yes |
| Is there anything else that you want to tell me about that you haven't yet had a chance to say? | How long will I be here? |
| I'm not certain, ma'am; but you will have a response from my office within a few days. | Okay, I ask because I work to provide food for my kids. |

Name: Gilma Marleni ZULETA-DE PAZ
A#: 215814594
Location of Applicant: Otay Mesa (telephonic)

Interview Date: 10/3 2018
Country: Guatemala
Asylum Officer: E. Trivette, ZAR505

The information you provided will be used to determine if you will be permitted to make your case for asylum or withholding of removal before the Immigration Judge. The interpreter will now read a paragraph of information discussing the possible outcomes of your case.

**["Interpreter, please read Paragraph 3.2 from form I-870"]**

*If the Department of Homeland Security determines you have a credible fear of persecution or torture, your case will be referred to an immigration court, where you will be allowed to seek asylum or withholding of removal based on fear of persecution or withholding of removal under the Convention Against Torture. The Field Office Director in charge of this detention facility will also consider whether you may be released from detention while you are preparing for your hearing. If the asylum officer determines that you do not have a credible fear of persecution or torture, you may ask an Immigration Judge to review the decision. If you are found not to have a credible fear of persecution or torture and you do not request review, you may be removed from the United States as soon as travel arrangements can be made.*

| Do you have any questions? | No. |
|---|---|
| Did you understand all the questions asked today? | Yes |
| Did you have any problems understanding the interpreter? | No |
| Interpreter, did you have any problems understanding the Applicant? | (Interpreter): No |

This concludes your credible fear interview. I wish you the best of luck.

**Interview Concluded:**   5:15 PM, EST       on   10/3/2018      at   Arlington, VA

**043**

# Credible Fear/Reasonable Fear Background Identity and Security Checklist

| Name (LN1, LN2, Fn, Mn): | ZULETA-DE PAZ, Gilma, Marleni | | |
|---|---|---|---|
| Aliases or Alternate DOBs (If any): | | | |
| A-Number(s): | A215816594 | Date of Birth: | ▮ |
| Memo of Adverse Information Completed: | ☒ NO ☐ YES | Results Pending at Time of Decision: | ☐ FBI Name Check / ☐ FBI Fingerprint Check |
| Mandatory Bar Flagged in Adjudication Tab | ☒ NO ☐ YES Reason: | | |

## BIOGRAPHIC CHECKS

**TECS: Must be completed for individuals age 14 and over on the primary name and DOB only**

| Date/Initials | | |
|---|---|---|
| 10/4/18 ZAR 505 | ☐ Under age 14 (no TECS required) | ☒ No Hit Found |
| | ☒ TECS check complete (Required) | ☐ DNR (Record Found Does Not Relate to Applicant) |
| | Documentation: | ☐ Hit (Record Found that Relates to Applicant) |
| | ☐ CBP or ICE TECS results attached Date: 8/28/18 | ☐ Hit Resolution Memorandum attached |
| | ☐ Manual CBP/ICE Person Query printouts | |
| | ☐ I-213 | |
| | ☐ Other evidence: _____ | |
| | ☒ Checks tab print-out with TECS results attached (For "No Hit" results only; manual query required for "Hit" results) | |
| | ☐ Manual Person Query printouts attached | |
| | ☐ ROIT attached (required for all manual queries) | |

**FBI Name Check: Must be initiated for individuals age 14-79 on the primary name and DOB only**

| Date/Initials | | |
|---|---|---|
| 10/4/18 ZAR 505 | ☐ Under age 14 (no name check required) | ☒ No Record |
| | ☐ Over age 79 (no name check required) | ☐ Result not yet returned |
| | ☒ FBI Name Check Initiated (Required) | ☐ Positive Response |
| | Documentation: | ☐ LHM/FBI response attached (if available) |
| | ☒ Checks tab print-out attached | ☐ LHM/FBI response not yet received |
| | | ☐ Classified LHM/FBI response received (not attached) |

## BIOMETRIC CHECKS

**FBI Fingerprint Check: Must be initiated for all individuals age 14 and over**

| Date/Initials | | |
|---|---|---|
| 10/4/18 ZAR 505 | ☐ Under age 14 (No FBI Fingerprint check required) | ☒ NEGATIVE/NONIDENT |
| | ☐ No evidence of fingerprint check; Arranged for ICE to initiate fingerprint check (Required prior to serving I-862 or I-863 when no evidence of FBI FP check can be found) | ☐ POSITIVE/IDENT |
| | | ☐ If available, criminal history records attached (RAP sheet/IdHS, court dispositions, etc.) |
| | ☒ Fingerprint Check Initiated    Date: 8/28/18 | |
| | Documentation: | |
| | ☐ Fingerprint Card | |
| | ☒ I-213 | |
| | ☐ Other evidence: _____ | |

**DHS-IDENT Encounter Search (access through CPMS-IVT): FIN or A# search must be completed for all individuals age 14 and over**

| Date/Initials | | |
|---|---|---|
| 10/4/18 ZAR 505 | ☐ Under age 14 (search not required) | Mark All Applicable Encounter Result Types: |
| | ☒ FIN or A# search completed (printouts attached) | ☒ Watchlist |
| | ☐ No encounters found | ☒ Recidivist |
| | ☐ Contacted ICE to Enroll Applicant in DHS-IDENT (Required only when DHS-IDENT record cannot be found) | ☒ DHS Apprehension Encounters |
| | | ☐ Other Applications (USCIS benefits or DOS visas) |
| | | ☐ Other: special interest alien/irregular migrant intake processing |
| | ☒ One or more encounters found | |

**Identity Verification (Required For All Non-Detained Applicants Interviewed in person at a USCIS Office)**

| Date/Initials | | |
|---|---|---|
| N/A | ☐ CPMS-IVT Biometric Verification Completed | ☐ Identity Mismatch (screen(s) attached) – cannot be interviewed without resolution. Explain steps taken to resolve below: |
| | ☐ Visual Verification Completed (Under age 14 ONLY) | |

☐ CHECK HERE IF THERE IS CLASSIFIED INFORMATION ON THIS CASE.

BACKGROUND IDENTITY AND SECURITY CHECK CLEARED FOR ADJUDICATION:

AO: ZAR505   DATE: 10/4/18    SAO CONCURRENCE _____   DATE: 10/6/18

531

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

## Record of Determination/Credible Fear Worksheet

| IRA | ZAR | 215814594 | ZULETA-DE PAZ |
|---|---|---|---|
| District Office Code | Asylum Office Code | Alien's File Number | Alien's Last/ Family Name |
| TRIVETTE | E | Guatemala | |
| Asylum Officer's Last Name | Asylum Officer's First Name | Alien's Nationality | |

### *All statements in italics must be read to the applicant*

**SECTION I:**  INTERVIEW PREPARATION

1.1  8/28/2018
Date of arrival [MM/DD/YY]

1.2  At or near Otay Mesa, CA
Port of arrival

1.3  8/28/2018
Date of detention [MM/DD/YY]

1.4  Otay Mesa Detention Center 7488 Calzada de la Fuente, San Diego, CA 92154
Place of detention

1.5  9/21/2018
Date of AO orientation [MM/DD/YY]

1.6  Applicant did not initially claim fear.
If orientation more than one week from date of detention, explain delay

1.7  10/3/2018
Date of interview [MM/DD/YY]

1.8  ZAC (Telephonic)
Interview site

1.9  ☒  Applicant received and signed **Form M-444** and relevant *pro bono* list on       9/21/2018
Date signed [MM/DD/YY]

1.10  Does applicant have consultant(s)?       ☒ Yes   ☐ No

1.11  If yes, consultant(s) name, address, telephone number and relationship to applicant
Willard Bakeman, 760-583-0570, 515 S. Euclid St., Anaheim, CA 92802, applicant's attorney (no G-28 on file)

1.12  Persons present at the interview (check which apply)

1.13  ☒  Consultant(s)

1.14  ☐  Other(s), list:

1.15  ☐  No one other than applicant and asylum officer

1.16  Language used by applicant in interview:       Spanish

1.17  Transperfect 14677
Interpreter Service, Interpreter ID Number.

☒ Yes   ☐ No
Interpreter Has Forms

3:28:00 PM
Time Started

5:15:00 PM
Time Ended

1.18  
Interpreter Service, Interpreter ID Number.

☐ Yes   ☐ No
Interpreter Has Forms

Time Started

Time Ended

1.19  
Interpreter Service, Interpreter ID Number.

☐ Yes   ☐ No
Interpreter Has Forms

Time Started

Time Ended

1.20  ☒  Interpreter **was not changed** during the interview

1.21  ☐  Interpreter **was changed** during the interview for the following reason(s):

1.22  ☐  Applicant requested a female interpreter replace a male interpreter, or *vice versa*

1.23  ☐  Applicant found interpreter was not competent       1.24  ☐  Applicant found interpreter was not neutral

1.25  ☐  Officer found interpreter was not competent       1.26  ☐  Officer found interpreter was not neutral

1.27  ☐  Bad telephone connection

1.28  ☒  Asylum officer read the following paragraph to the applicant at the beginning of the interview:

*The purpose of this interview is to determine whether you may be eligible for asylum or protection from removal to a country where you fear persecution or torture. I am going to ask you questions about why you fear returning to your country or any other country you may be removed to. It is very important that you tell the truth during the interview and that you respond to all of my questions. This may be your only opportunity to give such information. Please feel comfortable telling me why you fear harm. U.S. law has strict rules to prevent the disclosure of what you tell me today about the reasons why you fear harm. The information you tell me about the reasons for your fear will not be disclosed to your government, except in exceptional circumstances. The statements you make today may be used in deciding your claim and in any future immigration proceedings. It is important that we understand each other. If at any time I make a statement you do not understand, please stop me and tell me you do not understand so that I can explain it to you. If at any time you tell me something I do not understand, I will ask you to explain.*

Form I-870 (Rev. 11/21/03) N Page 1

**045**

A215814594

## SECTION II:                          BIOGRAPHIC INFORMATION

2.1    ZULETA-DE PAZ

Last Name/ Family Name [ALL CAPS]

| 2.2 | Gilma | 2.3 | Marleni |
| --- | --- | --- | --- |
| | First Name | | Middle Name |
| 2.4 | 7/8/1981 | 2.5 | Female |
| | Date of birth [MM/DD/YY] | | Gender |

2.6    n/a

Other names and dates of birth used

| 2.7 | Guatemala | 2.8 | Guatemala |
| --- | --- | --- | --- |
| | Country of birth | | Country (countries) of citizenship (list all) |

2.9    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮    Alta Verapaz, Guatemala

Address prior to coming to the U.S. (List Address, City/Town, Province, State, Department and Country).

| 2.10 | white | 2.11 | Christian | 2.12 | Spanish |
| --- | --- | --- | --- | --- | --- |
| | Applicant's race or ethnicity | | Applicant's religion | | All languages spoken by applicant |

2.13    Marital status:    ☐ Single    ☒ Married    ☐ Legally separated    ☐ Divorced    ☐ Widowed

2.14    Did spouse arrive with applicant?    ☐ Yes    ☒ No

2.15    Is spouse included in applicant's claim?    ☐ Yes    ☒ No

2.16    If currently married (including common law marriage) list spouse's name, citizenship, and present location (if with applicant, provide A-Number):

▮▮▮▮▮▮▮▮▮▮    Citizen of Guatemala, Resident of Guatemala

2.17    Children:    ☒ Yes    ☐ No

2.18    List any children (Use the continuation section to list any additional children):

| Date of birth (MM/DD/YY) | Name | Citizenship | Present location (if w/PA, list A-Numbers) | Did child arrive with PA? | | Is child included in PA's claim? | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | Yes | No | Yes | No |
| ▮/1999 | ▮▮▮▮▮▮▮ | Guatemala | Guatemala | ☐ | ☒ | ☐ | ☒ |
| ▮/2001 | ▮▮▮▮▮▮ | Guatemala | Guatemala | ☐ | ☒ | ☐ | ☒ |
| ▮2004 | ▮▮▮▮▮▮ | Guatemala | Guatemala | ☐ | ☒ | ☐ | ☒ |
| ▮2010 | ▮▮▮▮▮ | Guatemala | Guatemala | ☐ | ☒ | ☐ | ☒ |

2.19    Does applicant claim to have a medical condition (physical or mental), or has the officer observed any indication(s) that a medical condition exists? If YES, answer questions 2.20 and 2.21 and explain below.    ☐ Yes    ☒ No

2.20    Has applicant notified the facility of medical condition?    ☐ Yes    ☐ No

2.21    Does applicant claim that the medical condition relates to torture?    ☐ Yes    ☐ No

Form I-870 (Rev. 11/21/03) N Page 2

**046**

A215814594

2.22 Does the applicant have a relative, sponsor or other community ties, including spouse or ☒ Yes ☐ No
child already listed above?

2.23 If YES, provide information on relative or sponsor (use continuation section, if necessary):

| �█�█�█�█�█�█�█�Name | cousin<br>Relationship |
| Los Angeles, CA<br>Address | �█▖▖▖▖▖▖▖▖▖▖▖<br>Telephone Number |
| ☐ Citizen  ☐ Legal Permanent Resident  ☒ Other | Unknown |

## SECTION III:                    CREDIBLE FEAR INTERVIEW
**THE FOLLOWING NOTES ARE NOT A VERBATIM TRANSCRIPT OF THIS INTERVIEW. THESE NOTES ARE RECORDED TO ASSIST THE INDIVIDUAL OFFICER IN MAKING A CREDIBLE FEAR DETERMINATION AND THE SUPERVISORY ASYLUM OFFICER IN REVIEWING THE DETERMINATION. THERE MAY BE AREAS OF THE INDIVIDUAL'S CLAIM THAT WERE NOT EXPLORED OR DOCUMENTED FOR PURPOSES OF THIS THRESHOLD SCREENING.**
The asylum officer must elicit sufficient information related to both credible fear of persecution and credible fear of torture to determine whether the applicant meets the threshold screening. Even if the asylum officer determines in the course of the interview that the applicant has a credible fear of persecution, the asylum officer must still elicit any additional information relevant to a fear of torture. Asylum officers are to ask the following questions and may use the continuation sheet if additional space is required. If the applicant replies YES to any question, the asylum officer must ask follow-up questions to elicit sufficient details about the claim in order to make a credible fear determination.

3.1 a. *Have you or any member of your family ever been mistreated or threatened by anyone in any country to which you may be returned?*
☒ Yes   ☐ No

See Notes

b. *Do you have any reason to fear harm from anyone in any country to which you may be returned?*
☒ Yes   ☐ No

See Notes

c. If YES to questions *a* and/or *b*, was it or is it because of any of the following reasons? (Check each of the following boxes that apply).
☐ Race   ☐ Religion   ☐ Nationality   ☐ Membership in a particular social group   ☐ Political Opinion

See Notes

3.2 ☒ At the conclusion of the interview, the asylum officer must read the following to applicant:

If the Department of Homeland Security determines you have a credible fear of persecution or torture, your case will be referred to an immigration court, where you will be allowed to seek asylum or withholding of removal based on fear of persecution or withholding of removal under the Convention Against Torture. The Field Office Director in charge of this detention facility will also consider whether you may be released from detention while you are preparing for your hearing. *If the asylum officer determines that you do not have a credible fear of persecution or torture, you may ask an Immigration Judge to review the decision. If you are found not to have a credible fear of persecution or torture and you do not request review, you **may be removed** from the United States as soon as travel arrangements can be made. Do you have any questions?* ☐ YES ☒ NO

See Notes

3.3 ☒ At the conclusion of the interview, the asylum officer must read a summary of the claim, consisting of the responses to Questions 3.1 a-c and information recorded in the Additional Information/Continuation section, to applicant.

****Typed Question and Answer (Q&A) interview notes and a summary and analysis of the claim must be attached to this form for all negative credible fear decisions. These Q&A notes must reflect that the applicant was asked to explain any inconsistencies or lack of detail on material issues and that the applicant was given every opportunity to establish a credible fear.

**047**

A215814594

**SECTION IV:**  <u>CREDIBLE FEAR FINDINGS</u>

**A.    Credible Fear Determination:**

<u>Credibility</u>

4.1  ☒  ~~There is a significant possibility that the assertions underlying the applicant's claim could be found credible in a full asylum or withholding of removal hearing.~~ *Applicant found credible.*

4.2  ☐  Applicant found **not** credible ~~because (check boxes 4.3–4.5, which apply):~~

    4.3  ☐  ~~Testimony was internally inconsistent on material issues.~~

    4.4  ☐  ~~Testimony lacked sufficient detail on material issues.~~

    4.5  ☐  ~~Testimony was not consistent with country conditions on material issues.~~

<u>Nexus</u>

4.6  ☐  Race    4.7  ☐  Religion    4.8  ☐  Nationality    4.9  ☐  Membership in a Particular Social Group

(Define the social group):

4.10  ☐  Political Opinion    4.11  ☐  Coercive Family Planning [CFP]    4.12  ☐  No Nexus

<u>Credible Fear Finding</u>

4.13  ☐  Credible fear of **persecution** established.

    **OR**

4.14  ☐  Credible fear of **torture** established.

    **OR**

4.15  ☒  Credible fear of persecution NOT established and there is not a significant possibility that the applicant could establish eligibility for withholding of removal or deferral of removal under the Convention against Torture.

**B.    Possible Bars:**

4.16  ☐  Applicant could be subject to a bar(s) to asylum or withholding of removal (check the box(es) that applies and explain on the continuation sheet):

    4.17  ☐  Particularly Serious Crime    4.18  ☐  Security Risk    4.19  ☐  Aggravated Felon

    4.20  ☐  Persecutor    4.21  ☐  Terrorist    4.22  ☐  Firmly Resettled

    4.23  ☐  Serious Non-Political Crime Outside the United States

4.24  ☒  Applicant does **not** appear to be subject to a bar(s) to asylum or withholding of removal.

**C.    Identity:**

4.25  ☒  Applicant's identity was determined with a reasonable degree of certainty (check the box(es) that applies):

    4.26  ☒  Applicant's own credible statements. (If testimony is credible overall, this will suffice to establish the applicant's identity with a reasonable degree of certainty).

    4.27  ☐  Passport which appears to be authentic.

    4.28  ☐  Other evidence presented by applicant or in applicant's file (List): _____

4.29  ☐  Applicant's identity was **not** determined with a reasonable degree of certainty. (Explain on the continuation sheet.)

**SECTION V:**    **ASYLUM OFFICER / SUPERVISOR NAMES AND SIGNATURES**

5.1  E. Trivette ZAR505    5.2    [signature]    5.3  10/4/2018

    Asylum officer name and ID CODE (print)    Asylum Officer's Signature    Decision date

5.4  J. Kleir    5.5    [signature]    5.6  10/09/18

    Supervisory asylum officer name    Supervisor's Signature    Date Supervisor Approved decision

**ADDITIONAL INFORMATION/CONTINUATION**

| See Notes |
|---|

**048**

## CREDIBLE FEAR DETERMINATION CHECKLIST AND WRITTEN ANALYSIS

| A 215814594 | COUNTRY: Guatemala | APSO: E Trivette, ZAR 505 | DATE: 10/4/2018 |
|---|---|---|---|

- If there is a significant possibility of establishing eligibility for asylum or withholding under 241(b)(3), complete A, B, and C only.
- If there is a significant possibility of establishing eligibility for protection under the Convention Against Torture, complete A, B, and D only.
- If there is not a significant possibility of establishing eligibility for asylum or withholding of removal under 241(b)(3) or for withholding or deferral of removal under the CAT pursuant to 8 CFR 208.16(c) or 208.17, complete Sections A, B, C, and D unless the claim fails in Section A (Harm) or Section B, (Credibility), in which case, stop and complete Form I-870.

**A. Harm** *(If yes to A.1. and/or A.2., move to Part B. If no to A.1. and A.2., STOP, and complete Form I-870.)*

| | |
|---|---|
| 1. Has the applicant testified that he or she has experienced <u>past</u> harm in his or her country?<br>*If yes, identify any past harm or mistreatment suffered, and identify all relevant entit(ies).*<br>Harm: a) rape, pushed/thrown from bed to floor, accusations of infidelity, calls/visits (harassment); b) threats of incarceration; c) pushed; d) death threat<br>Entit(ies): a) husband; b) husband's family; c) guy who lived with sister; d) unknown person | Yes ☒<br><br>No ☐ |
| 2. Has the applicant testified that he or she fears <u>future</u> harm if returned to his or her country?<br>*If yes, identify any harm or mistreatment feared, and identify all relevant entit(ies).*<br>Harm: a) harassment, psychological harm, loss of custody of children<br>Entit(ies): a) estranged husband | Yes ☒<br><br>No ☐ |

**B. Credibility** *(Select the appropriate box and if testimony was partially credible or not credible, then (1) identify the credibility factor and explain the evidence to support it, (2) provide the applicant's explanation, and (3) address if the explanation is reasonable for each factor. After analyzing all relevant credibility factors, consider them in the totality of the circumstances.)*

| | |
|---|---|
| **Applicant's testimony was credible:** Considering the totality of the circumstances and all relevant factors, the applicant's testimony was consistent, detailed, and plausible. Therefore, it is found credible. *(Check box and move to Section C and or D.)* | ☒ |
| **Applicant's testimony was partially credible:** Considering the totality of the circumstances and all relevant factors, the applicant's testimony was found partially credible. The applicant's testimony was found credible regarding the relevant facts that are sufficient to establish a credible fear. *(Check box, explain, and move to Section C, and or D.)* | ☐ |
| **Applicant's testimony was not credible:** Considering the identified credibility issues, the absence of reasonable explanations for those issues, and taking into consideration the applicant's individual circumstances, the applicant's testimony is found not credible under the totality of the circumstances and all relevant factors. *(Check box, explain, STOP, and complete Form I-870.)* | ☐ |

**C. Persecution** *(If yes to C.1. or C.2., complete C.3. If no to C.1. and C.2., complete C.3.)*

| | |
|---|---|
| 1.a. <u>Past Persecution:</u> There is a **significant possibility** the applicant can establish in a full hearing that:<br>  • The harm experienced was sufficiently serious to amount to persecution;<br>  • The entity that harmed the applicant was motivated to harm the applicant on account of his or her race, religion, nationality, membership in a particular social group, or political opinion; *and*<br>  • The entity that harmed the applicant was an agent of the government or an entity that the government was unable or unwilling to control.<br><br>*AND*<br><br>1.b. There is no evidence so substantial that the presumption of well-founded fear can be rebutted.<br><br>*or*<br><br>**If the presumption of well-founded fear has been rebutted,** there is a **significant possibility** that asylum could be granted based on: (1) the severity of the past persecution; or (2) a reasonable possibility of other serious harm. | Yes ☐<br><br>No ☒ |
| 2. <u>Future Persecution:</u> There is a **significant possibility** that the applicant can establish in a full hearing that: | |

**CREDIBLE FEAR DETERMINATION CHECKLIST AND WRITTEN ANALYSIS**

| | |
|---|---|
| • The applicant fears harm that is sufficiently serious to amount to persecution; <br> • The applicant <br> 1) possesses a protected characteristic, <br> 2) of which the feared entity is or could become aware or the feared entity believes that the applicant possess a protected characteristic, <br> 3) the feared entity has the capability to persecute the applicant, <br> 4) the feared entity has the inclination to persecute the applicant, OR there is a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of a protected ground; <br> • The entity would be motivated to harm the applicant on account of his or her race, religion, nationality, membership in a particular social group, or political opinion; <br> • The entity that would harm the applicant would be an agent of the government or an entity that the government would be unable or unwilling to control; *and* <br> • Under all the circumstances, it would not be reasonable for the applicant to relocate within the applicant's country to avoid future persecution. | Yes ☐ <br><br> No ☒ |

3. <u>Written Analysis:</u>

Race ☐    Religion ☐    Nationality ☐    **Membership in a Particular Social Group** ☐    Political Opinion ☐

*If credible fear of persecution established, identify the protected ground and specify:*

*As needed, provide a brief reasoned analysis. Focus on determinative factors, applying the eligibility elements to the facts.*

Past:
(a) Nexus: The applicant's testimony does not support a conclusion that there is a significant possibility applicant could establish at a full hearing that she was harmed on account of a protected ground. Specifically, the facts in applicant's case do not support a conclusion that there is a significant possibility applicant could establish at a full hearing that she is part of the proposed particular social group "Guatemalan women viewed as property by virtue of their position within a domestic relationship."

The BIA has established a three-part test for evaluating whether a group meets the definition of a particular social group. See *Matter of M-E-V-G-*, 26 I&N Dec. 227 (BIA 2014) and *Matter of W-G-R-*, 26, I&N Dec. 208 (BIA 2014). First, the group must comprise individuals who share a common, immutable characteristic that members cannot change or a characteristic so fundamental to the member's identity or conscience that he or she should not be required to change it. *Matter of Acosta*, 19 I&N Dec. 211, 233-34 (BIA 1985). Second, the group must be recognizable and distinct in the relevant society. *Matter of C-A-*, 23 I&N Dec. 951, 959-961 (BIA 2006). Essentially, the social "distinction" element requires that the members of the group possess traits that reflect social distinctions. Social distinction can be established by evidence such as laws, policies, or cultural practices of society. Although past persecution by itself cannot be used to define a particular social group, a group's subjection to harm is a good indication that it is socially distinct. *Matter of C-A-*, 23 I&N Dec. 951 (BIA 2006); see also, *Matter of A-M-E- & J-G-U-*, 24 I&N Dec. 69, 74 (BIA 2007) ("the fact that its members have been subjected to harm . . . may be a relevant factor in considering the group's visibility in society. Third, the group must be defined with sufficient particularity, that is, by characteristics that provide a clear benchmark for determining who falls within the group. *Matter of A-M-E- & J-G-U-*, 24 I&N Dec. 69, 76 (BIA 2007); *Matter of M-E-V-G-*, 26 I&N Dec. 227 (BIA 2014).

The proposed particular social group "Guatemalan women viewed as property by virtue of their position within a domestic relationship can be considered to satisfy the particularity requirement with the benchmark factor that the women in that group are considered "property." Often, the partner will restrict the woman's movement, forbid her from working outside the home, or espouse opinions that wives belong to their husbands or that a woman's only place is in the home. The man may harm the woman if she tries to end the relationship or, if she has actually left, he might travel a long distance and forcibly retrieve the woman. None of these factors are at play in the current case. To the contrary, during their relationship, applicant worked outside the home at restaurants and a popsicle shop. Around five years ago, while living in Santa Cruz with her husband ████████, applicant participated in a women's committee with the purpose of helping women receive resources for different courses. Around October 2017, applicant asked ██ to leave, and he left. Applicant's husband relocated to a location around 6 hours away from the applicant. The applicant did not testify that her husband ever made any statements indicating that he believed her to be his property or that he thought wives should be subordinate to their husbands.

Applicant did testify that her estranged husband wanted to have sex with her whenever he wanted it during their 17 year relationship and she didn't want to live like that. When asked how often she was forced to have sex with her husband when she did not want to, applicant replied, "Daily." Applicant stated that ██ "wouldn't harm me by hitting me but every time that I wanted to leave him, he

(Effective as of February 27, 2017)

**050**

## CREDIBLE FEAR DETERMINATION CHECKLIST AND WRITTEN ANALYSIS

would tell me that he was going to kill himself." Applicant also indicated that if she did not have sex when Joel wanted it, Joel would accuse her of having a lover. Once, when applicant did not want to have sex with her husband, he "pushed [her] and threw [her] on the floor from the bed." Taking into consideration the totality of the circumstances and all relevant factors, it does not appear that there is a significant possibility applicant could establish at a full hearing that she was harmed due to her membership in the proposed particular social group, "Guatemalan women viewed as property by virtue of their position within a domestic relationship."

(b) and (c) Seriousness: As to the threats made by applicant's husband's family that applicant would be incarcerated if something happened to her husband, this is not harm serious enough to rise to the level of persecution. While serious threats may constitute persecution even if the applicant has not been physically harmed, surrounding factors and issues should be explored to determine whether the harm is serious enough to be considered persecution. In applicant's case, she did not testify that her husband or his family have any ties to public officials such as police that would have made it more likely that applicant would be jailed for a crime she did not commit. Applicant further testified that on one occasion, she went to file a police report when a man living with her sister pushed her, injuring her neck. If applicant had truly been confused about whether she would be jailed in the hypothetical event of her husband's suicide, applicant could have at that time asked police for clarification on that point. Finally, the harm of being pushed by the man living with applicant's sister is also not serious enough to rise to the level of persecution.

(d) Unable/Unwilling: Applicant's testimony does not support a conclusion that there is a significant possibility that she could establish at a full hearing that police in Guatemala were unable or unwilling to help her in regards to the death threat she received four months ago in Guatemala. Applicant does not know who called her to threaten that something would happen to her if she kept asking about her brother. Applicant broke the chip and stopped using that phone. Applicant testified that when her brother was killed about 12 years ago, police in Guatemala conducted an investigation into the crime. Applicant was disappointed with the outcome of the case, since the police "just recovered evidence and never told us why or what happened." However, applicant did not follow up with police to inquire about the investigation. The applicant also did not inform the police about the threat she received. The police may have been able to glean information from the phone in respect to the call applicant received, but applicant broke the phone instead of reaching out to the police. Finally, "[t]he fact that the local police have not acted on a particular report of an individual crime does not necessarily mean that the government is unwilling or unable to control crime… There may be many reasons why a particular crime is not successfully investigated and prosecuted. Applicants must show not just that the crime has gone unpunished, but that the government is unwilling or unable to prevent it." *Matter of A-B-*, 27 I&N Dec. 316 (A.G. 2018) at 337-338.

Future:
Seriousness: The harm applicant is currently experiencing in Guatemala and which she fears for the future —that of her estranged husband writing to her on Facebook, calling her every week or four days, and coming to see her at most every two months in order to try to convince her to resume a relationship with him—is not harm that amounts to persecution. The worst thing applicant fears could happen is that her estranged husband would kill himself if the applicant were to begin a relationship with someone new and if the husband were to learn of this fact; this is not harm that the applicant fears in regards to herself, which is the concern at the heart of a credible fear determination. Furthermore, applicant fears that if she were to tell the police about the continued contact from her husband and ask for help in regards to this harassment, her husband would want to take custody of her children away from her. Parental custody disputes are common when parents are no longer living and raising children together; such a development would not be harm rising to the level of persecution.

**D. Torture** *(Make a selection in D.1. and, as needed, complete D.2.)*

D.1.  There is a **significant possibility** the applicant can establish in a full hearing that:
- The feared harm would be specifically intended to inflict severe pain or suffering on the applicant;
- The feared harm would constitute severe physical or mental pain or suffering;
- The feared harm would be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity;
- The applicant would be in the offender's custody or physical control; *and*
- The harm would not arise only from or be inherent in or incidental to lawful sanctions.

Yes ☐

No ☒

In making this determination, the following evidence must be considered:
- Evidence of past torture inflicted upon the applicant;
- Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured;
- Evidence of gross, flagrant or mass violations of human rights within the country of removal; and other relevant information regarding conditions in the country of removal.

**CREDIBLE FEAR DETERMINATION CHECKLIST AND WRITTEN ANALYSIS**

If the applicant has demonstrated that there is a **significant possibility** of establishing past torture _AND_ there are no changes in circumstances so substantial such that the applicant does not have a credible fear of torture, the applicant will be found to have established a credible fear of torture.

**D.2.** Written Analysis: *As needed, provide a brief reasoned analysis. Focus on determinative factors, applying the eligibility elements to the facts.*

Past & Future: Inflicted by/at instigation of: Applicant did not testify to having experienced past mistreatment, threats, or harm by public officials in Guatemala, nor did she testify to any such future fears were she to return to Guatemala.

Past: Consent/Acquiescence: There is not a significant possibility that the applicant could establish that she experienced past torture inflicted with the consent or acquiescence of a public official or other person acting in an official capacity, as she did not offer testimony showing the public officials were aware of the harm she suffered: applicant never reported the harm she experienced to police, and the person harming her had no connection to government authorities.

Future: Severe physical or mental pain or suffering: Applicant did not testify to fearing future harm that there is a significant possibility would be seen at a full hearing to objectively or reasonably constitute severe physical or mental pain or suffering. Applicant fears that if she were to return to Guatemala, her estranged husband could continue to bother/harass her. Applicant also fears that if she reports this harm to the police, her husband could try to take custody of her children. Being bothered or harassed with relative infrequency (weekly calls/messages, at most bi-monthly visits) and a fear of potential loss of parental custody are rather routine aspects of life that do not constitute severe physical or mental pain or suffering.

**052**

U.S. Department of Homeland Security
Citizenship and Immigration Services

**Record of Negative Credible Fear Finding
and Request for Review by Immigration Judge**

Alien File Number:     215814594

1.      **To be explained to the alien by the asylum officer:**

U.S. Citizenship and Immigration Services (USCIS) has determined that you do not have a credible fear of persecution or torture
pursuant to 8 CFR 208.30 for the following reason(s):

A. ☒     You have not established a credible fear of persecution in your country of nationality, country of last habitual residence, or a
country to which you have been ordered removed because:

☐     You have not indicated that you were harmed in the past and you have not expressed fear of future harm.

☒     There is no significant possibility that you could establish in a full hearing that the harm you experienced and/or the harm
you fear is on account of your race, religion, nationality, political opinion, or membership in a particular social group.

☐     You have not indicated that you were harmed in the past, and there is no significant possibility that you could establish in
a full hearing that the harm you fear is well founded.

☒     There is no significant possibility that you could establish in a full hearing that the harm you experienced or fear was/is
sufficiently serious to amount to persecution.

☒     There is no significant possibility that you could establish in a full hearing that the entity that harmed you or would harm
you was/is an agent of the government or an entity the government was/is unable or unwilling to control.

**AND**

☒     You have not established a credible fear of torture in a country to which you have been ordered removed because you have not
established that there is a significant possibility that:

☒     You would suffer severe physical or mental pain or suffering.

☐     The harm you fear would be specifically intended to inflict severe physical or mental pain or suffering.

☒     The harm you fear would be inflicted by or at the instigation of, or with the consent or acquiescence of, a public official
or other person acting in an official capacity.

☐     The harm you fear would be inflicted while you are in the custody or physical control of the offender.

☐     The harm you fear would not arise only from, would not be inherent in, and would not be incidental to, lawful sanctions.

B. ☐     Considering the totality of the circumstances and all relevant factors, you have not established that your testimony is credible.

Therefore, you are ordered removed from the United States. You may request that an Immigration Judge review this decision.

If you request that an Immigration Judge review this decision, you will remain in detention until an Immigration Judge reviews your
case. That review could occur as long as 7 days after you receive this decision.

If you do not request that an Immigration Judge review the decision, you may be removed from the United States immediately.

2.      **To be completed by the alien:**

☑   **Yes, I request Immigration Judge review** of the decision that I do not have a credible fear of persecution or torture.

☐   **No, I do not request Immigration Judge review** of the decision that I do not have a credible fear of persecution or torture.

| ZULETA-DE PAZ | Gilma | _[signature]_ |
| Applicant's Last Name/ Family Name (Print) | Applicant's First Name (Print) | Applicant's Signature |

| O'Mailly | E. | OCT 1 6 2018 |
| Asylum Officer's Last Name (Print) | Asylum Officer's First Name, (Print) | Date |

The contents of this form were read and explained to the applicant in the     Spanish     language

Interpreter used:

By telephone (list interpreter service /ID number used  LB 11511569  ).

In person (I, _____, certify that I am fluent in both the _____ and English languages. I interpreted the above information completely and
accurately to the alien.)

_____          _____
Interpreter's Signature          Date

Form I-869 (Rev. 02/15/17) N

**053**

U.S. Department of Homeland Security
Citizenship and Immigration Services

## Notice of Referral to Immigration Judge

### NOTICE TO APPLICANT

You are ordered to report for a hearing before an immigration judge for the reasons stated above. Your hearing is scheduled on:

To Be Determined    at    To Be Determined . You are to appear at: _____
_____(Date)_____        _____(Time)_____

**EOIR, Site to be Determined in San Diego**
(Complete Office Address)

☒ You may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before an Immigration Court. If you wish to be so represented, your attorney or representative should appear with you at this hearing. In the event of your release from custody, you must immediately report any change of your address to the Immigration Court on Form EOIR-33, which is provided with this notice. If you fail to appear for a scheduled hearing, a decision may be rendered in your absence.

☒ You may consult with a person or persons of your own choosing prior to your appearance in Immigration Court. Such consultation is at no expense to the government and may not unreasonably delay the process.

☒ Attached is a list of recognized organizations and attorneys that provide free legal service.

_____ Supervisory Asylum Officer
(Signature and title of immigration officer)

### CERTIFICATE OF SERVICE

☑ The contents of this notice were read and explained to the applicant in the _Spanish_ language.

☑ An original of this notice was delivered to the above-named applicant by the undersigned on **OCT 1 6 2018** and the alien has been advised of communication privileges pursuant to 8 CFR 236.1(e). Delivery was made:

☑ in person    ☐ by certified mail, return receipt requested # _____    ☐ by regular mail

_____ asylum Officer
(Signature and title of the immigration officer)

**Attachments to copy presented to immigration judge:**

☐ Passport               ☑ Form I-860

☐ Visa                   ☑ Form I-869

☐ Form I-94           ☐ Form I-898

☐ Forensic document analysis       ☐ Asylum officer's reasonable fear determination worksheet (I-899)

☐ Fingerprints and photographs      ☑ Asylum officer's credible fear determination worksheet (I-870)

☐ EOIR-33

☐ **FOR 8 CFR 241.14(f) CASES ONLY:** Written statement including summary of the basis for the Secretary's determination to continue the alien in detention, and description of the evidence relied on in finding the alien especially dangerous (with supporting documents attached).

☐ **FOR 8 CFR 241.14(f) CASES ONLY:** Written notice advising the alien of initiation of proceedings and informing alien of procedures governing the Reasonable Cause Hearing at 8 CFR 241.14(h).

☐ Other (specify): _____

Page 2 of 2

Form I-863 (rev. 08/__)

**054**

**U.S. Department of Homeland Security**
Citizenship and Immigration Services

## Notice of Referral to Immigration Judge

| Place of Detention: | Date |
|---|---|
| c/o: DHS ICE<br>Otay Mesa Detention Center 7488 Calzada de la Fuente, San Diego, CA 92154 | **OCT 1 6 2018** |

| | A File |
|---|---|
| | A 215814594 |

| Name | Country of Citizenship |
|---|---|
| Gilma Marleni ZULETA-DE PAZ | Guatemala |

| Place and Manner of Arrival | Date of Arrival |
|---|---|
| Unknown; unknown | On or about 8/28/2018 |

**To immigration judge:**

☒ 1. The above-named alien has been found inadmissible to the United States and ordered removed pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act). A copy of the removal order is attached. The alien has requested asylum and/or protection under the Convention against Torture and the matter has been reviewed by an asylum officer who has concluded the alien does not have a credible fear of persecution or torture. The alien has requested a review of that determination in accordance with section 235(b)(1)(B)(iii)(III) of the Act and 8 CFR § 208.30(g).

☐ 2. The above-named alien arrived in the United States as a stowaway and has been ordered removed pursuant to section 235(a)(2) of the Act. The alien has requested asylum and/or withholding of removal under the Convention against Torture and the matter has been reviewed by an asylum officer who has concluded the alien does not have a credible fear of persecution or torture. The alien has requested a review of that determination in accordance with section 235(b)(1)(B)(iii)(III) of the Act.

☐ 3. The above-named alien arrived in the United States in the manner described below and has requested asylum and/or withholding of removal under the Convention against Torture. The matter is referred for a determination in accordance with 8 CFR 208.2(c). Arrival category (check one):

☐ Crewmember/applicant      ☐ Crewmember/refused      ☐ Crewmember/landed

☐ Crewmember/violator       ☐ VWP/applicant           ☐ VWP/violator

☐ 235(c) order              ☐ S-visa nonimmigrant     ☐ Stowaway: credible fear determination attached

☐ 4. The above-named alien has been ordered removed by an immigration officer pursuant to section 235(b)(1) of the Act. A copy of the removal order is attached. In accordance with section 235(b)(1)(C) of the Act, the matter is referred for review of that order. The above-named alien claims to be (check one):

☐ a United States citizen                                   ☐ a lawful permanent resident alien

☐ an alien granted refugee status under section 207 of the Act    ☐ an alien granted asylum under section 208 of the Act

☐ 5. The above-named alien has been ordered removed pursuant to section 238(b) of the Act, or the Department of Homeland Security (DHS) has reinstated a prior exclusion, deportation, or removal order of the above-named alien pursuant to section 241(a)(5) of the Act. A copy of the removal order and, if applicable, the notice of reinstatement, are attached. The alien has expressed fear of persecution or torture and the claim has been reviewed by an asylum officer who has concluded the alien **does not** have a reasonable fear of persecution or torture. The alien has requested a review of that determination in accordance with 8 CFR §§ 208.31(f) and (g).

☐ 6. The above-named alien has been ordered removed pursuant to section 238(b) of the Act, or the DHS has reinstated a prior exclusion, deportation, or removal order of the above-named alien pursuant to section 241(a)(5) of the Act. A copy of the removal order and, if applicable, the notice of reinstatement, are attached. The alien has expressed fear of persecution or torture and the claim has been reviewed by an asylum officer who has concluded the alien **has** a reasonable fear of persecution or torture. The matter is referred for a determination in accordance with 8 CFR § 208.31(e).

☐ 7. The Secretary of Homeland Security has determined that the release from custody of the above-named alien who is under a final order of removal would pose a special danger to the public according to the standards set in 8 CFR § 241.14(f)(1). The DHS has therefore invoked procedures to continue the alien's detention even though there is no significant likelihood that the alien will be removed from the United States in the reasonably foreseeable future. The matter is referred to the immigration judge for a review of this determination in accordance with 8 CFR § 241.14 (g).

Form I-863 (rev. 08/01/07)

**055**

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
1525 Wilson Blvd., Mailstop 2500
Arlington, VA 20598-2500

 **U.S. Citizenship and Immigration Services**

---

## MEMORANDUM

---

**TO:**      ICE
**FROM:**    Arlington Asylum Office
**DATE:**    10/16/2018
**RE:**      A# 215814594    ZULETA DE PAZ, Gilma

---

**Negative**: The APSO Unit has completed processing of this file. The alien was found to **not have** a credible fear of persecution or torture. The applicant **requested** an IJ review of the negative finding. On the above date, the alien was given a copy of their Form I-860 and served with a copy of I-869, Form I-870and I-867AB and copies of the interview notes. **The applicant was advised that their case will be referred to the Immigration Judge**.

On the above date, the file was returned to ERO for further processing.

_____
(Signature-USCIS Official)

E. O'Malley
(Printed Name of USCIS Official)

Asylum Officer
(Title of USCIS Official)

Otay Mesa Detention Facility
(Location)

**056**

IMMIGRATION COURT
7488 CALZADA DE LA FUENTE
SAN DIEGO, CA  92154

In the Matter of:                          Case No:  A215-814-594

ZULETA-DE PAZ, GILMA MARLENI

                                           IN: CREDIBLE FEAR REVIEW PROCEEDINGS

_____
        Respondent

ORDER OF THE IMMIGRATION JUDGE

On Oct 19, 2018 at 1:00 P.M. a review of the DHS Credible Fear Determination
was held in the matter noted above.  Testimony [X] was  [ ] was not
taken regarding the background of the Applicant and the Applicant's fear
of returning to his/her country of origin or last habitual residence.

After consideration of the evidence, the Court finds that the Applicant
[ ] has  [X] has not established a significant possibility that he/she
would be persecuted on the basis of his/her race, religion, nationality,
membership in a particular social group, or because of his/her political
opinion.

The Court further finds that the Applicant [ ] has [X] has not
established a significant possibility that he/she would be intentionally
subjected to serious physical or mental harm inflicted by, or at the
instigation of, or with the consent or acquiescence of, a government official
or other person acting in an official capacity.


ORDER:  It is hereby ordered that the decision of the immigration officer is:

   [X]  Affirmed, and the case is returned to the DHS for removal of the
        alien.

   [ ]  Vacated.

   This is a final order.  There is no appeal available.

DONE and ORDERED this _____ day of _____, 20___  .

                              _____
                              OLGA E. ATTIA
                              Immigration Judge

_____
                    CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)     PERSONAL SERVICE (P)
TO:  [X] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [X] DHS
DATE: _____ BY:  COURT STAFF _____
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

SCANNED
OCT 19 2018

U2

057